## SUPREME COURT.

JOHNSON, President of Hanover Bank, agt. ALFRED F. KEMP.

*Banks* created under the general banking law, when suing, should recite the title of the act, and the date of its passage, under which proceedings were had for its incorporation. This is required by the 13th section of the 4th title of chapter 8, of the 3d part of the Revised Statutes, which is retained by § 471 of the Code.

*New-York Special Term, February,* 1855.

THE complaint states " that there is due from the defendant, to the said bank, the sum of $864.28, which the plaintiff claims upon a promissory note, which it sets forth; and also states that the said bank is a banking association duly organized, whereof said Johnson is president; and that the plaintiff is holder and owner of the note; and that the same is past due and unpaid, and payable to the plaintiff.

The defendant demurs, because the complaint does not show or refer to the law under which the bank is doing business.

CHAS. TRACY, *for plaintiff.*
—— WAIT, *for defendant.*

MITCHELL, Justice. The Code, § 471, (390) retains proceedings provided for by chapter 8 of the 3d part of the Revised Statutes, except the 2d and 12th titles. Section 13 of the 4th title of this chapter of the Revised Statutes provides, that in actions by or against any corporation, created by or under any law of this state, it shall not be necessary to recite the act of incorporation, *or the proceedings by which such corporation was created,* or to set forth the substance thereof; but that the same may be pleaded by reciting the title of such act and the date of its passage.

This section includes both corporations created by special

Johnson agt. Kemp.

law and those created under a general law—the last being re-
ferred to in the terms "created under any law of this state,"
and "the proceedings by which such corporation was created;"
the first, "*created by* (not under) any law," and "the act of in-
corporation." It applies, therefore, to banks under the gene-
ral banking law; and such banks, when suing, should recite
the title of the act, and the date of its passage, under which
proceedings were had for its incorporation.

When an individual sues, his existence is assumed from the
suit being in his name; but when a corporation sues, it must
show how it was created, that the courts may judge whether it
was created under authority of any law, and whether that law
authorizes the contract, or cause, for which the suit is brought.
Without this statement, there is a fatal omission of one of the
material elements of a good cause of action.

This bank may, for aught that appears, be a foreign bank,
without any right to sue in the name of its president, or even
in the name of the bank; or, if it be an association doing bank-
ing business in the state, it may not be incorporated according
to the laws of the state. By referring to the general banking
law by its title and date, and alleging that the bank was duly
incorporated under that act, this defect would be cured. The
defect is not remedied by the provision in the Code, that in an
action on an instrument for the payment of money only, it
shall be sufficient to give a copy of the instrument, and to state
that there is due thereon to the *party*, from the adverse party,
a specified sum. (*Code,* § 162.) That applies only to such
matters as constitute a cause of action when an individual is
suing—not to those which are essential to show the legal ex-
istence of the party, and his capacity to sue.

The motion for judgment is denied, with $10 costs.