# SUPREME COURT.

### The Bank of Lowville agt. Abram F. Edwards.

A *demurrer* which states " that the complaint does not state facts sufficient to constitute a cause of action," does not reach an objection that the complaint does not aver the incorporation of the associated bank, which brings the suit.

That the plaintiff has not legal capacity to sue, is made a *special* cause of demurrer by § 144, *sub.* 2, of the Code. And besides, the capacity of a plaintiff to sue is independent of the cause of action.

An averment that the defendant endorsed the bill (of exchange) to A—— B——, who endorsed it to C—— D——, and that the latter endorsed it to the plaintiff, is sufficient to show *title* in the plaintiff. The averment of endorsement to the plaintiff legally imports a delivery—a vesting of the title in the plaintiff by transfer.

But if such an averment was a defect in the pleading, it could not be reached by *general demurrer.*

It is not necessary to aver that a bill of exchange was *accepted in writing.* Under the statute there can be no valid acceptance except in writing. A general averment of acceptance is, therefore, sufficient.

*Lewis Special Term, June,* 1855.

Motion for judgment on frivolous demurrer to complaint.

D. M. Bennett, *for plaintiff.*

James W. Nye, *for defendant*

Hubbard, Justice. The action is upon a bill of exchange, drawn by E. C. Hamilton & Co. upon Stanton & Wilcox, and made payable to the order of the defendant. The demurrer assigns two causes:—

(1.) That the complaint does not state facts sufficient to constitute a cause of action, and,

(2.) That the complaint does not state that the said Stanton & Wilcox accepted the bill of exchange in writing.

Under the first it is claimed that the complaint is insufficient in two respects :—

The Bank of Lowville agt. Edwards.

(1.) That it does not appear that the plaintiff is an incorporated bank, having capacity to sue, and,

(2.) That the complaint does not sufficiently aver title to the bill in the plaintiff.

There is no allegation in the complaint of the plaintiff's incorporation. Whether it is necessary to aver the incorporation of an associated bank when it sues as plaintiff, cannot here be raised, for the reason that the plaintiff's capacity to maintain the action is not in question under a general demurrer, that the complaint does not state facts sufficient to show a cause of action. That the plaintiff has not legal capacity to sue, is made a special cause of demurrer by the *2d sub.* of § 144 of the Code, and must therefore be specially assigned. The assignment of a cause of demurrer under one subdivision of the section, cannot be made to embrace another—each must be separately assigned. And besides, the capacity of a plaintiff to sue is independent of the cause of action; the facts showing the former are not facts constituting the cause of action, and for this reason the question cannot be raised upon demurrer under the *6th sub.* of § 144.

(2.) It was also claimed that the complaint does not show title to the bill of exchange in the plaintiff. The averment on the subject is, that the defendant endorsed the bill to Gillmore, Jewett & Co., who endorsed it to John J. Talcott, who endorsed it to Amos Spafford, and that the latter endorsed it to the plaintiff. There is no allegation that the bill was ever delivered to the plaintiff, or that it was the owner or holder thereof. I think the complaint sufficient. The averment of endorsement to the plaintiff legally imports a delivery, a vesting of the title in the plaintiff by transfer. This would have been good pleading under the old system, and certainly should be held good under the Code, which requires a liberal construction, with a view to the substantial rights of the parties. But it seems to me, that if the pleading is insufficient in this respect, that the defect cannot be reached by a general demurrer under *sub.* 6 of § 144 of the Code.

If the pleader undertakes to aver a fact, but does it defect-

ively, the defect should be pointed out, as a special cause of demurrer.  *Sub.* 6 of the section applies to cases when a fact or facts essential to the cause of action are wholly omitted in the complaint, and not when they are imperfectly stated.

(3.) As to the second cause of demurrer assigned, the complaint simply alleges, that the drawers of the bill of exchange, Stanton & Wilcox, accepted it, without stating that their acceptance was in writing.  It is not necessary to aver that the acceptance was in writing.  Under the statute there can be no valid acceptance except in writing; and a general averment, therefore, that the bill was accepted, implies that the acceptance was in writing.  As the drawee could not otherwise become an acceptor, or the bill be accepted.

The motion for judgment must be granted, and without leave to the defendant to answer, because no affidavit of merits is made.