NEW-YORK PRACTICE REPORTS. 97

The Bank of Havana agt. Wickham and others.

# SUPREME COURT.

## THE BANK OF HAVANA agt. WICKHAM and others.

An *individual banker* is a *corporation sole*. And if an individual banker is a corporation sole, he may take any corporate name he may choose, and sue in that name.

Therefore, Charles Cook, an individual banker, carrying on the business of banking at Havana, New-York, under "the act to authorize the business of banking," passed April 18th, 1838, and the several acts amending the same, in the name of "The Bank of Havana," had a legal capacity to sue in such name.

The plaintiff in this case, stated his title in the complaint in this way: "The Bank of Havana, the plaintiff in this suit," &c. The question was, whether this was a sufficient averment to show the plaintiff had legal capacity to sue? *Held*, that the plaintiff should have recited the title of the act and the date of its passage, under which proceedings were had for its incorporation, (2 *R. S.* 459, § 13,) as was properly decided by Judge MITCHELL, in *Johnson* agt. *Kemp*, (11 *How.* 186.)

The complaint, therefore, showed on its face, that the plaintiff had not legal capacity to sue, and for this cause was *demurrable*. (11 *How.* 216.) And as the defendants took no objection by demurrer or answer, that the plaintiff had not legal capacity to sue, by sections 147 and 148 of the Code, they are deemed to have waived the same.

Had it been necessary to set forth in the complaint that the plaintiff was a corporation, to have made the complaint "state facts sufficient to constitute a cause of action," then the defendants could have taken advantage of the defect in the complaint upon the trial. (*Code*, § 148.) But the capacity of the plaintiff to sue, has been held to be independent of the cause of action. (11 *How.* 216.)

The complaint in this case, however, did state facts sufficient to constitute a cause of action. By the Revised Statutes, (2 *R. S.* 458, § 3,) which is still in force, it is provided, "In suits brought by a corporation created by or under any statute of this state, it shall not be necessary to prove on the trial of the cause, the existence of such corporation, unless the defendant shall have pleaded in abatement or in bar, that the plaintiffs are not a corporation. Therefore, to put the plaintiff to proof of such fact, the defence of *nul tiel corporation* must be set up by answer.

*Broome General Term*, 1858.

APPEAL from judgment at special term.

SAMUEL A. FOOT, *for plaintiff.*
DANIEL RUMSEY, *for defendants.*

By the court—BALCOM, Justice. "The Bank of Havana," is the name in which Charles Cook, an individual banker, carries on the business of banking at Havana, New-York, under "the act to authorize the business of banking," passed April 18th, 1838, and the several acts amending the same. The certificate of the superintendent of the bank department, that was given in evidence upon the trial, states that Cook commenced the banking business as an individual banker, at Havana, in 1851, under the aforesaid acts. Is the plaintiff a corporation? The appellant's counsel contends the plaintiff is not a corporation, and that it has no legal capacity to sue. It is now well settled that banking associations, formed under the aforesaid acts, are moneyed corporations. (*Gilbert* agt. *Moody,* 3 *Comstock,* 479.) By chapter 340 of the laws of 1848, individual bankers are declared to be "banks of discount and deposit, as well as of circulation," and every report directed to be made by any law, from an individual banker, must be verified by the oath of the president and cashier. The term *association* is made to include every individual doing business alone for some purposes under the banking laws. (*Chap.* 437, *Laws of* 1849.) After a careful examination of the statutes authorizing and regulating the business of banking, I have come to the conclusion that an *individual banker* is a "corporation sole." There is no express declaration in any statute to this effect, but individual bankers are clothed by statute with legal capacities and advantages which as natural persons by common law they could not have; and "no particular form of words is requisite to create a corporation." (2 *Kent's Com.* 276.) Kent says: "A corporation sole consists of a single person, who is made a body corporate and politic, to give him some legal capacities and advantages, and especially that of perpetuity, which as a natural person he could not have; a bishop, dean, parson and vicar, are given in the English books as instances of sole corporations." Perpetuity is not absolutely necessary to make an association

or a single person a corporation. The existence of a corporation may be limited to any number of years. Therefore, what Kent says about perpetuity being a legal capacity or advantage possessed by an individual, when a corporation sole, has no controlling force. The statute prohibiting individual bankers from selling or transferring the business upon the securities deposited by them, was not passed until after the action was tried. (*Laws of* 1854, *p.* 554, § 9.) " As a general rule, a fee will not pass to a corporation sole without the word successors, and it will continue for the life only of the individual clothed with the corporate character." (2 *Kent's Com.* 273 ; 2 *Blackstone's Com.* 431.) This was the common law rule, but it has been changed by statute in this state. (1 *R. S.* 748, § 1; *Nicoll* agt. *The New - York and Erie Railroad Company,* 2 *Kernan,* 121.)

If an individual banker is a corporation sole, there can be no more objection to such banker taking any corporate name he shall choose to adopt, or to Mr. Cook being a corporation by the name of " The Bank of Havana," than there is to an individual being a corporation by the name of bishop, dean, parson or vicar, which, as has been seen, is allowable under the English law. If these are correct conclusions, the proof established the plaintiff's legal capacity to sue; and this action was properly brought in the name by which Mr. Cook transacts his banking business. There was no necessity for bringing it in Mr. Cook's name *as* president of the Bank of Havana. (*The People* agt. *The Assessors of Watertown,* 1 *Hill,* 621 ; *Gilbert* agt. *Moody,* 3 *Comstock,* 483 ; *Con. art.* 8, § 3 ; 1 *R. S.* 599, § 1 ; *The East River Bank* agt. *Judah,* 10 *How. Pr. Rep.* 135.)

But suppose the proof failed to establish that the plaintiff is a corporation—the question arises, was the judge right in holding that the appellants by not denying in their answers the corporate capacity of the plaintiff to sue, thereby admitted such capacity ? This would clearly be so had there been a direct allegation in the complaint that the plaintiff was a corporation. (*Code,* § 168.)

The only statement in the complaint, aside from the title of the action which imports that the plaintiff is a corporation, is in these words, viz: "The Bank of Havana, the plaintiff in this suit." Is this a sufficient averment to show the plaintiff has legal capacity to sue? The Revised Statutes provide that "in actions by or against any corporation, by or under any law of this state, it shall not be necessary to recite the act or acts of incorporation, or the proceedings by which such corporation was created, or to set forth the substance thereof, but the same may be pleaded by reciting the title of such act, and the date of its passage." (2 *R. S.* 459, § 13.) Section 471 of the Code, declares that the second part of the Code, which prescribes the manner of pleading in actions, shall not affect "any statutory provisions relating to actions not inconsistent with this act, and in substance applicable to the actions hereby provided."

Mr. Justice MITCHELL has held that "banks created under the general banking law, when suing, should recite the title of the act and the date of its passage, under which proceedings were had for its incorporation." (*Johnson, President, &c.* agt. *Kemp*, 11 *How. Pr. Rep.* 186. *See also Bank of Lowville* agt. *Edwards*, 11 *How. Pr. Rep.* 216.) And I am of the opinion Justice MITCHELL has given the correct construction to this enactment, when the question is properly raised by demurrer. (*See Onondaga County Bank* agt. *Carr*, 7 *Wendell*, 443.) Now assuming that the complaint in this action should have recited the title of the act, and the date of its passage under which the plaintiff claims to have a legal existence, then the complaint upon its face does not show that the plaintiff has legal capacity to sue; and as section 144 of the Code has been construed, the complaint shows upon its face that the plaintiff had *not* legal capacity to sue, and for this cause was demurrable. (11 *How. Pr. Rep.* 186; *Id.* 216.) This construction of section 144 of the Code, is probably based upon the assumption that the complaint is presumed to show all the legal capacity to sue that a plaintiff has; and, therefore, when such legal capacity to sue does not appear from the complaint, it is deemed to show

affirmatively that the plaintiff does not possess any legal capacity to sue.

By the same authorities, the complaint in this action was not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. (11 *How. Pr. Rep.* 216.) But it could have been objected to by demurrer, for the reason that it appears upon the face that the plaintiff has not legal capacity to sue. (*Code*, § 144, *sub.* 2, 11 *How. Pr. Rep.* 186; *id.* 216.) As the appellants took no objection by demurrer or answer, that the plaintiff has not legal capacity to sue, by sections 147 and 148 of the Code, they are "deemed to have waived the same." Had it, however, been necessary to set forth in the complaint that the plaintiff is a corporation, to make the complaint "state facts sufficient to constitute a cause of action," then the defendant could have taken advantage of the defect in the complaint upon the trial. (*Code*, § 148.) But the capacity of the plaintiff to sue, has been held to be independent of the cause of action. (11 *How. Pr. Rep.* 216.)

Again, if the decision in *The Bank of Lowville* agt. *Edwards*, (11 *How. Pr. Rep.* 216,) is to be upheld, the complaint in this action states facts sufficient to constitute a cause of action. Although it does not recite the title of the act and the date of its passage, under which proceedings were had for the plaintiff's incorporation; upon this assumption it was not necessary for the plaintiff to prove its corporate existence on the trial. Prior to the Revised Statutes such proof was necessary when the general issue alone was pleaded. (8 *J. R.* 378; 2 *Cowen*, 778; 7 *Wend.* 540.) But by such statutes, it is provided, " in a suit brought by a corporation created by *or under* any statute of this state, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall have pleaded in abatement or in bar, *that the plaintiffs are not a corporation.* (2 *R. S.* 458, § 3.) This statute is still in force and it is applicable to actions under the Code. (*Code*, § 471.) Had the appellants in their answers denied each and every allegation in the complaint, the plaintiff would not have been obliged to show its corporate existence. " To put the

plaintiff to proof of that fact, the defence of *nul tiel corporation* must be set up by answer." The case of *The proprietors of the common and undivided land and meadows of Southold* agt. *Horton*, (6 *Hill*, 501,) relied upon by the appellants' counsel, does not establish a different proposition. That was an eject- ment suit, in which, by the statute then in force, a defendant might demur to the declaration or "plead the general issue *only.*" (2 *R. S.* 306, § 22; 17 *Wend.* 443; 1 *Denio*, 452.)

There is sufficient unexceptionable evidence in the case to sustain the finding of the justice upon the questions of fact. The judgment of the special term should, therefore, be affirmed with costs.