THE FARMERS' & MILLERS' BANK, Respondent,

*vs.*

AMOS SAWYER, Appellant.

### APPEAL FROM MILWAUKEE CIRCUIT COURT.

A frivolous demurrer is one so clearly untenable, or the insufficiency of which is so manifest upon a bare inspection of the pleadings that the court or judge is able to determine its character without argument or research.

A frivolous demurrer or reply indicates bad faith in the pleader, and he is not entitled to plead or answer over.

After a frivolous answer or demurrer is stricken off, or is so adjudged, the party is in default, and the plaintiff is entitled to apply for the relief demanded by the complaint, according to subdivisions one and two of section 158 of the Code.

Distinction between bad and frivolous pleas, and the consequences of such pleading.

A demurrer to a complaint filed by the Farmers' & Millers' Bank which did not allege that it was a body corporate created by or under the laws of this or any other State, though it would be bad on demurrer, is not frivolous.

This was an action brought by the respondent against the defendant for the foreclosure of a mortgage.

The complaint was as follows:

The complaint of the above named plaintiff respectfully shows to this court, upon information and belief, that the defendant, Amos Sawyer, for the purpose of securing the payment to Daniel Newhall of the sum of all moneys that, on a true and fair adjustment of accounts between the said Sawyer and Newhall, might be found to be justly due and payable to the said Newhall, on or about the 31st day of May, 1856, executed and delivered to the said Daniel Newhall a bond, bearing date on that day, in the penal sum of 20,000 dollars, conditioned that if the said Sawyer, his heirs, executors, administrators, or any of them, should well and truly

pay to the said Daniel Newhall, or to his certain attorney, executors, administrators or assigns, the just and full sum of all moneys that, on a true and fair adjustment of accounts between the said Newhall and Sawyer, might be found to be justly due and payable to the said Newhall, without any fraud or other delay, then said bond shall be void ; otherwise, to remain in full force and virtue; and as collateral security for the payment of the above indebtedness, the said defendant, on the same day, executed, duly acknowledged and delivered to the said Daniel Newhall a mortgage, whereby he granted, bargained and sold to the said Daniel Newhall the following described premises, with the appurtenances thereto, that is to say—"Lot eleven in block thirty-two, in the second ward of the city of Milwaukee, with the mill and improvements situate thereon, together with all the privileges and ap · purtenances to the same belonging," and in case of default in the payment of said sum of money, or any part thereof, the said Daniel Newhall was empowered to sell the said mortgaged premises in due form of law, and out of the moneys arising from the sale, to pay the said sum of money and interest, with costs and expenses of the proceedings thereupon, the surplus to be returned to the mortgagor.

And afterwards the said Sawyer and Newhall made an agreement, which was written upon the back of the said bond, in the following words, to wit:

"On a true and fair adjustment of accounts, made this third day of October, 1856, between us, the sum of thirteen thousand three hundered thirty-one 70-100 dollars (13,331 70-100) was found justly due from the within named A. Sawyer to the within named Daniel Newhall, and is the amount secured by the bond and mortgage. The said Sawyer further agrees to pay interest on said sum, at the rate of twelve per cent., until paid. AMOS SAWYER.
DANIEL NEWHALL."

Farmers' and Millers' Bank vs. Sawyer.

And the plaintiff says that on the fifteenth day of November, 1856, the sum of sixteen hundred thirty-five 25-100 dollars was paid on said bond and mortgage. And on the twentieth day of December, 1856, there was paid on said bond the sum of fifteen hundred forty-three 90-100 dollars, and that no other payment has been made thereon, except the sum of nine hundred and forty dollars, which was paid thereon on the third day of March, 1857.

And the plaintiff says that the said bond and mortgage have been assigned to the plaintiff, who is now the lawful owner and holder thereof.

That the defendant had failed to comply, &c., that there is now due $13,000, &c., wherefore the plaintiff demands judgment.

To the complaint, the defendant demurred, assigning the following causes:

1. That it does not appear by said complaint that the plaintiff is a corporation, created by or under the laws of this State, or any other State or country, and has a legal capacity to sue.

2. That the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff thereupon moved for judgment upon the demurrer as frivolous, and for costs of the said motion.

The court allowed the motion, with leave to the defendant to withdraw his demurrer and file an answer within ten days, accompanied with an affidavit of merits, and upon the payment of ten dollars costs of the motion, and the case to be placed on the calendar of the present term for trial; otherwise, judgment for plaintiff. From this order, the defendant appealed.

*Nelson Cross*, for the appellant.

*Smith & Salomon*, for the Respondent.

The only points argued by the counsel were, the character of the demurrer, and the regularity of the judgment. Numerous authorities were cited in the argument of the counsel, but as those especially bearing upon the points in consideration are referred to in the opinion of the court, the briefs are omitted.

*By the Court*, SMITH, J. This was an action commenced by the appellee against the appellant for the foreclosure of a mortgage, given by the appellant to Daniel Newhall, and assigned by him to the appellee. The complaint set out the mortgage and assignment, but did not allege that the plaintiff was a body corporate, created or authorized by the laws of this or any other State. The defendant below demurred to the complaint for this reason; also assigning for further cause that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff's counsel, regarding this demurrer as frivolous, moved for judgment, on five days notice, under section 159 of the code. The motion was sustained, and the defendant appealed.

There have been at this term quite a number of appeals from the order of the circuit courts, based upon applications made under section 159 of the code in regard to frivolous pleadings, and what may be said here will apply to them all. It is well to have the practice settled in this respect, and hence we have given to this, as well as to all of the other cases depending upon the same question, a full consideration, and we are prepared to announce our conclusion in reference to the practice under this section.

Section 159 of the code of procedure is in the following words: "If a demurrer, answer or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a judge of the court, either in or out of court, for

judgment thereon, and judgment may be given accordingly."

It would seem that the circuit judge misapprehended the real purport and effect of the motion, for the reason that he appears to have gone into an examination of the complaint and demurrer to ascertain whether the latter was well taken; and also for the reason that the order made upon sustaining the motion, is analagous to that of an order overruling a demurrer. A demurrer may be bad, and so adjudged upon the hearing, but it does not follow that it is therefore frivolous.

A frivolous demurrer is one so clearly untenable, the insufficiency of which is so manifest upon a bare inspection of the pleadings, that the court or judge is able to determine its character without argument or research. 1 Code Rep., 185; 2 id., 76; 1 Abb. Rep., 41; 6 How., 385; 8 id., 150; 12 id., 543; 3 Sandf., 732. It is a pleading interposed for delay, and its frivolous character indicates bad faith in the pleading. Hence the severity of the judgment on striking it off. The party who thus trifles with the administration of justice, and the necessary forms by which it is administered, forfeits all claims to the favor of the court. He is not entitled to amend or to plead over, as in case of error in pleading. He cannot in truth say to the court that he *has failed*, and claim the indulgence which the statute of geofails extends to the honest, though mistaken or unfortunate pleader.

This view of frivolous pleas is retained in the code of procedure. Upon a notice of five days, the party prejudiced by a frivolous plea, may move the judge or court, either in or out of term, to have it stricken from the files. After the frivolous answer, demurrer or reply is stricken off, or, under the code adjudged to be frivolous, the party is then in default; his time for pleading has gone by; his frivolous plea was no plea; it is removed out of the way; and the case stands ready for an application for the relief demanded by the complaint, according to sub-divisions one and two of § 158 of the code.

A demurrer may be set down for hearing, and after decision thereon, at a special or general term allow the demurrant to plead over, if the decision be against him.    Code § 80.    This is where the demurrer is set down for hearing; but no amendment or pleading over can be allowed after a frivolous pleading has been stricken off.    The code, § 159, gives no discretion to the court or judge, but judgment must follow afterwards, as upon the wilful default of the party.    This is understood to have been the rule at common law, and it is retained by the code.    And it is right that it is so.    No contenance should be given to frivolous pleas.    They cannot be filed in good faith, though bad pleas may and often are; but frivolous pleas, in the very nature of things cannot be filed in good faith.    I am aware that in two or three of the cases reported in Howard's New York Reports, the courts have allowed the party to plead over after declaring a demurrer to be frivolous. saying that it appeared that he had acted in good faith ; but on examination it is evident that the proceeding took the nature of a hearing 'of the demurrer, and the decision upon its merits.

The question, therefore, in this case is, was the demurrer filed in this case, frivolous, and if so, was the judgment of the court the proper one to be rendered ?    Of course, upon a question of this kind we do not intend to enter into a discussion of the merits of this demurrer, for the causes assigned. It is enough to say, that it is not frivolous to deny that a corporation erected by the laws of a foreign power or state, is entitled to sue in the courts of our own state, without avering its due creation by the proper authority of the state or government from which its corporate powers are derived.    So far as the character of the demurrer in this case is concerned, the very fact that conflicting decisions have been made by different tribunals is sufficient to discharge the demurrer of the ban of frivolousness.    See 11 How. Pr. Rep., 186 ; 13 id., 270 ; 6

Bing. N. C., 37; Eng. C. L. Rep., 313; 5 Cranch, 61; 3 Sumner, 492; 2 How. U. S. R., 497; 11 How. Pr. Rep., 186.

All these cases show that, although the demurrer ought to have been overruled on the hearing, yet it was not liable to the severe condemnation justly attaching to a frivolous pleading. The courts of several governments have held differently upon the point, and though statutory provisions on the one hand, or comity upon the other have modified the rule, it requires research and argument to determine the point and hence the demurrer is not frivolous, Grave men, learned counsellors, and experienced judges, do not enter into elaborate investigations to ascertain whether or not a paper purporting to be a pleading, is worthy of investigation or not. If worthy of serious consideration, argument and research, of course it is not frivolous, but should be brought to hearing like all other matters in legal dispute.

We are therefore of the opinion that the demurrer filed in this case was not frivolous; that had it been so the demurrant would not have been entitled to amend, but in such case the plaintiff was entitled to proceed under subdivisions one and two of § 158 of the code.

The order of the circuit court is reversed and the cause remanded.