DELSALSE et al. v. CASSIDY.

(City Court of New York, General Term.   March 6, 1899.)

SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT OF NONRESIDENCE.
     In supplementary proceedings, a mere statement of the debtor, in his
     affidavit, that he does not reside, and has not within five years last past
     resided, in New York, is a mere expression of his opinion as to his non-
     residence, and is insufficient.

Appeal from special term.

Action by F. Delsalse and others against Martin Cassidy.   Judg-
ment for plaintiffs in the matter of proceedings supplementary to
execution.   Defendant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCH-
MAN, JJ.

Frank J. McBarron, for appellant.
Blumenstiel & Hirsch, for respondents.

PER CURIAM.   The question of the debtor's residence was a ques-
tion of fact.   It was his duty to prove that he was not a resident of
this city.   His mere denial, as he alleges it in his affidavit, that he
does not now (December 5, 1898) reside, and has not within the past
five years last past resided, in the city or county of New York, was not
sufficient.   It was the statement of a conclusion of law.   It was a
mere expression of his opinion as to his nonresidence, without stating
the facts upon which his conclusion was based.   Of course, the court
was not bound to accept as conclusive his opinion as to his nonresi-
dence, nor was it bound to accept his conclusion of law.   The order
appealed from must be affirmed, particularly in view of the fact that
he failed and refused to supply further evidence as to his place of
residence, although he was invited and requested by the special term
justice to do so.

Order affirmed, with costs.

(26 Misc. Rep. 652.)

CARTER v. HERBERT BOOTH KING & BRO. PUB. CO.

(City Court of New York, General Term.   March 6, 1899.)

1. ACTION AGAINST CORPORATION—ALLEGATION OF INCORPORATION.
     A complaint need not allege that a defendant company against which
     no relief is sought is a corporation.

2. SAME—ALLEGATION OF RESIDENCE.
     Unless it affirmatively appears that plaintiff, in an action against a
     foreign corporation, is a nonresident, a demurrer will not lie to the com-
     plaint for failure to allege residence.

3. SAME—ALLEGATION OF PLACE OF CONTRACT.
     Since a demurrer for want of jurisdiction will not lie to a complaint
     unless the want of jurisdiction affirmatively appears, a complaint, in an
     action against a foreign corporation, on a contract, which does not show
     where the contract was made, is not demurrable.

Appeal from special term.

Action by Charles W. H. Carter against the Herbert Booth King
& Brother Publishing Company.   A demurrer to the complaint was

sustained, and final judgment entered for defendant, and plaintiff appeals.  Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Hobbs & Gifford, for appellant.

Kenneson, Crain & Alling, for respondent.

CONLAN, J.  This is an appeal by the plaintiff from a final order entered upon the trial of issues at law, and seeks to review, also, an interlocutory judgment thereon.  The action is brought by the holder of a promissory note against an indorser.  The defendant is a foreign corporation.  The complaint does not state where the plaintiff resides or where the indorsement was made.  The defendant demurred to the complaint on the following grounds:

"First, the said complaint does not state facts sufficient to constitute a cause of action; second, upon the ground that the court has no jurisdiction of the subject of this action; third, upon the ground that the court has no jurisdiction of the person of the defendant."

The reasons assigned by the trial court for its judgments are stated as follows:  The complaint alleges that defendant is a foreign corporation.  It fails to allege that plaintiff is a resident of the state, and fails to state the place where the contract of indorsement was made.

As an incident of the trial, the assertion is made by the learned counsel for the defendant that there is no such court as "the city court of the city of New York," and this subject has been elaborated in his brief; but we are willing to be content with the provisions of the Code of Civil Procedure on that point, and do not think that the learned counsel is serious in advancing his proposition that there is no such court.

The respondent contends that there is something lacking in the allegations which are set out as to the making of the note in question, and that there is an omission of all averments as to what the American Fibre Chamois Company was.  He says that we may infer that this was not the name of a human being, for in relation to it the word "it" is used, and that the complaint also negatives the idea that it was a fictitious name.  It was said in Adams v. Store-Service Co., 59 Hun, 127, 13 N. Y. Supp. 118, that an allegation in a complaint that the defendant is a corporation constitutes no part of the cause of action, but simply relates to the character or capacity of the defendant; and therefore a complaint which does not allege that the defendant is a corporation, although such might be inferred to be the fact from its name, is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action.  If, therefore, it is not necessary to allege this as against a party to be charged in order to save the condemnation of the statute, how does it become necessary to allege it concerning a party against whom or which no recovery is sought?  Where, also, the plaintiff has sued by a name representing no person, natural or artificial, the objection must be raised by motion, and not by demurrer.  Bank v. Magee, 20 N. Y. 355, affirming 16 How. Prac. 97.  And a demurrer to the complaint, on the ground that the plaintiff has no legal capacity to sue, because there was no

allegation that the plaintiff was a corporation, and the action was by an incorporated bank, was held bad in Bank v. Donnell, 40 N. Y. 410, affirming 41 Barb. 571. In all these cases it did not appear that the parties were not within the condemnation of the statute because of affirmative allegation. Unless, therefore, it affirmatively appear that the status of the individual or corporation or party be not what, of necessity, it ought to be, or, in other words, when it does not affirmatively appear that he, she, or it is anything else than what it ought to be, then the statute will not condemn the pleading, and the demurrer will not lie, and this, we think, would apply to a question of residence as well as to any other thing necessary to be alleged. It was said in Gervais v. Railroad Co. (Sup.) 13 N. Y. Supp. 589, that, where the supreme court has jurisdiction of the subject-matter of an action against a foreign corporation, the objection that it has not jurisdiction of the person of the defendant, for the reason that the plaintiff is a nonresident, cannot be taken by demurrer, where the nonresidence of the plaintiff does not appear on the face of the complaint; and in Fisher v. Insurance Co., 52 N. Y. Super. Ct. 179, that a demurrer is not well taken unless the fact showing want of jurisdiction affirmatively appears, and therefore a complaint, in an action against a foreign corporation upon a contract which does not show where the contract was made, executed, or delivered, is not demurrable for want of jurisdiction either of the person or the subject-matter. In addition to what we have said above, this court has uniformly held that, in order to confer jurisdiction, it is not necessary, in a case like the one at bar, that it affirmatively appear in the pleadings that a plaintiff is a resident. It is sufficient if it do not affirmatively appear that he was not such resident; and this ruling appears to be in harmony with the cases heretofore cited. It follows from this reasoning that the final and interlocutory judgments appealed from must be reversed, and the demurrer overruled, with costs to the plaintiff, with leave, however, to the defendant to answer, on payment of costs, within 10 days after service of a copy of the order of reversal herein.

FITZSIMONS, C. J., concurs.