## WALKER *vs.* BANK OF THE STATE OF MISSOURI.

1. Notice of non-payment or non-acceptance of a bill of exchange must, in general, come from the holder, and should be given by some servant or agent who will be competent to prove the notice.
2. A notice not signed by any person is insufficient.
3. The endorsement of a note by an endorsee to the Bank of the State of Missouri *prima facie* vests the property in the note in the bank, and raises the presumption that the note was discounted by the bank.

### APPEAL from St. Louis Court of Common Pleas.

GAMBLE *and* BATES, *for Appellant.*

1. The Bank was not entitled to recover on the evidence given:

First, Because there was no legal evidence that the note had been discounted at the bank.

The fact, if it had existed, would not have been a substitute for diligence against the maker, unless the note had been made and endorsed for the purpose of being so discounted; but whether such be the law or not, there was no evidence here of the fact.

Second, Because there was no legal notice, or waiver of notice.

The notice proved is the deposit of a note in the post-office, not signed by any person, and not professing to come from any person; there is no evidence of any notice in any other form.

A notice is regularly to come from the holder, or from some person entitled to call for payment, or the agent of such person. (Bailey on Bills, 248; Glascock vs. Bank of Missouri; Glasgow vs. Pratte, 8 Mo. Rep., 336.) The books are full of this.

A notary public who has the note for the purpose of presentation and notice, may give the notice.—Bayley on Bills, 250.

A notice from a stranger is insufficient.— Story on Bills, 454.

Here is a case in which a paper, not professing to come from any particular person, is the only notice: this cannot be sufficient.

3. The court ought to have granted a new trial: this brings the whole case, in this form, to the consideration of the Court.

HUDSON *and* ROMYN, *for Appellee.*

1. The notice given in said cause, by the notary, was insufficient and informal.

2. The defendant below could not be made liable as endorser, until the remedy had been exhausted against the maker of the note.

The counsel for the defendant in error insist that the notice was sufficient. The object of giving notice to endorsers was attained in this case on this point.— See Bailey on Bills, edit. of 1836, p. 355; 1 Peck's Rep., 401; 2 Hawk., 560.

3. The note in question having been discounted at the bank, it thus became an instrument in the hands of the Bank, on which that institution might sue any party to it, in the same manner as if it had been a bill of exchange.—See Bank charter, Session Acts 1836–37, sec. 29, p. 19; 9 Cranch Rep., 9; Bailey on Bills, 261, 493.

It is no excuse for the endorser to say, that he did not know, at the time of endorsing a note, that it would be discounted at the bank, and he rendered liable before exhausting the remedy against the maker. The charter of the Bank is a public act, and the law by which every person must be governed, and every person who endorses a note must take the risk that the same will be discounted at the bank; and no private arrangement between the parties should affect the rights of the Bank when a note may be discounted by that institution.

TOMPKINS, J., *delivered the opinion of the Court.*

This was an action of assumpsit, brought in the Court of Common Pleas of St. Louis county, by the Bank of the State of Missouri, against John K. Walker,

as endorser of a note made by William Carr Lane, payable to Walker's order. Judgment was given for the plaintiff, to reverse which Walker appeals to this Court.

The note was read in evidence by the plaintiff. It is in these words:

"Four months after date, I promise to pay to the order of John K. Walker, at the Bank of the State of Missouri, in the state of Missouri, two hundred and fifty dollars, without defalcation, and for value received.

(Signed)             "WM. CARR LANE."

It was endorsed — "Pay to the order of Thornton Grimsley —

"JOHN K. WALKER."

"Pay to the Bank of the State of Missouri — THORNTON GRIMSLEY."

The plaintiff then produced Andrew Elliot as a witness, who testified, that he was a notary public, and, as such, made the protest of the said note, which protest is set out in the bill of exceptions; and that, on the day of the protest, he presented the said note for payment, as in the protest is stated, and that he gave notice of the dishonor of the note to the defendant, by putting notice thereof into the post-office at St. Louis, addressed to the defendant, on the same day with the making of the protest. A paper being shown to the witness, which paper will hereafter be set out, he testified, that the paper thus shown to him was the notice put into the post-office by him; and he further stated, some days after the protest of the note, he met the witness in the street of St. Louis, and was asked by the witness if he had protested a note on which he (the defendant) was endorser? and being told that he had, the defendant produced to the witness a paper recognized by the witness as the notice of the protest, and asked him if he intended that as a notice of the protest? The witness answered in the affirmative. The protest was given in evidence. The notice was also given in evidence, and was in the common form. It was subscribed as follows: — "Your obedient servant, ————, *notary public;*" and directed to John K. Walker, near St. Louis, Mo. The name of the notary was not subscribed to the notice, but the place for his name was left blank. No objection being made to the notice except the want of a signature, it is not set out here.

The defendant, after the evidence was closed, moved the court to decide (the cause being submitted to the court) that the plaintiff could not recover in this action. The court refusing to make this decision, the defendant excepted. After verdict for the plaintiff, the defendant moved the court to grant a new trial; because — 1st, The verdict is against evidence; 2d, It is against law; 3d, It is without sufficient evidence; 4th, The suit is on an endorsed note, against Walker as endorser, and the only evidence of the non-payment of the note by the drawer is, that the notary who protested the note sent the defendant, through the post-office, the form of a notice, without signature. The Court overruled this motion, and the defendant excepted.

The appellant makes these points:

1. That the Bank was not entitled to recover on the evidence given; 1st, Because there was no legal evidence that the note was discounted at the bank; and, 2d, Because there was no legal notice, or waiver of notice.

1st. The 29th section of the act to charter the Bank of the State of Missouri, p. 19 of the Session Acts of 1836–37, provides, that "All bills and notes, whether under seal or not, at any time discounted by the said bank, shall be, and are hereby, placed upon the same footing as foreign bills of exchange, so that the like remedy shall be had for the recovery thereof, against the drawer or endorser thereof, and with like effect, except so far as relates to damages." The form of this note shows, that it was made for the purpose of being discounted; or it may be said, at least, that if it had been made with an intention of getting it discounted, it would have been made in the form in which it here appears: it is endorsed by Walker to Grimsley, and by Grimsley to the Bank. This endorsement gives the Bank, *prima facie,* the absolute property in the note; and he who seeks to divest this *prima facie* title, must produce evidence for that purpose. The appellant has produced no authorities to maintain his position, and none can be expected or required to prove that this endorsement does *prima facie* give the Bank the right of property in this note.

2d. Was the notice of the dishonor of the note sufficient?

Notice of non-payment, or non-acceptance, must, in general, come from the holder of the bill or note, and it should be given by some servant, or agent, who will be competent to prove it. To the same purpose, two cases decided by this Court—Glasgow *vs.* Pratte, 8 Mo. Rep., 337, and Glascock *vs.* Bank, 8 *Ibid.,* 444. The notice proved, in this case, to have been put in the post-office for Walker, was not signed by any person; then it was given by no person, either principal or agent.

The judgment of the Court of Common Pleas is reversed, and the cause remanded.