## WYNN *vs.* ALDEN.

The notice of non-payment of a note, to charge an endorser, must show that the presentment was made at the proper time.

Therefore, where the notice stated that the note had been "*this day presented for payment*" and payment refused, *and the notice was without date*, HELD, that it was defective.

ERROR to the Niagara common pleas. Alden sued Wynn before a justice of the peace, in July, 1845, as the endorser of a promissory note, made by one Defielde, payable to the defendant's order, and held by the plaintiff. The only question was, whether the defendant had been charged as endorser. The note was payable on the 12th day of October, 1844, that being the third day of grace; and on that day the note was presented to the maker for payment, which was refused. The plaintiff lived at Lewiston and the defendant at Queenston, in Canada. On the same day, the plaintiff put a notice in the post office at Lewiston, signed by himself, and addressed to the defendant, at his place of residence, stating that the note, which was properly described, had "this day been presented to the maker for payment, and payment refused," and adding, "I shall therefore look to you for the payment of the same." *The notice was without date.* The justice gave judgment for the plaintiff for the amount of the note, which the common pleas affirmed on *certiorari,* and the defendant brought error.

*S. C. Murray,* for the plaintiff in error, insisted that the notice was defective, in not showing that the presentment for payment was made at the proper time, or when it was made. He cited *Story on Prom. Notes,* §348 ; *Remer* v. *Downer,* (23 *Wend.* 620 ;) *Ransom* v. *Mack,* (2 *Hill,* 587.)

*L. F. Bowen,* for the defendant in error, referred to 3 *Wend.* 456; 9 *id.* 279 ; 2 *John. Cas.* 337.

*By the Court,* BEARDSLEY, J. The only point made by the plaintiff in error is, that the notice of non-payment given

to him, as endorser of the note, was defective in not showing the demand of payment to have been made at the proper time. This question arises on the face of the notice ; for if there were extraneous facts, which might have aided any intrinsic defect in the notice, as written, they were not proved on the trial. The point is therefore a mere question of law. (*Ransom* v. *Mack*, 2 *Hill*, 587.)

Payment of a note should be demanded at its maturity; when it becomes due and is payable ; and the notice should so state. The contract of the endorser is conditional, and only binds him to pay the note where such demand has been made and payment refused, and due notice thereof given. (*Story on Prom. Notes*, §§ 135, 198.) The fact of such presentment and dishonor of the note, may appear in express terms, or by necessary or reasonable implication from what the notice contains ; and it must appear in one form or the other, or the notice will be defective. (*Id.*, § 348 *to* 352; *Chit. on Bills*, 10*th Amer. ed.* 466 *to* 470; *Solarte* v. *Palmer*, 7 *Bing.* 530; 1 *Bing. N. C.* 194; *Strange* v. *Price*, 10 *A. & E.* 125 ; *Shelton* v. *Braithwaite*, 7 *M. & W.* 252; *Furze* v. *Sharwood*, 2 *Adol. & Ellis, N. S.* 388; *Ransom* v. *Mack, supra.*)

This notice only states that the note was presented " *this day*," and payment refused. But the notice being without date, it is impossible to ascertain from the paper itself, what day in particular was intended. It may have been some day before the note fell due, or a day subsequent to that time ; and, from what is written, we may quite as well infer one or the other, as to infer that the true day of payment was intended. It .s not unlikely, looking to what is usually done in such cases, that the person who drew this notice intended to state that payment of the note had been demanded at the time of its maturity ; but this is mere conjecture, for what was written does not apprize us of any such intention. The notice was insufficient, and the judgment was erroneous.

Judgment reversed.