Bosworth, J.
There are two cases in Harrison’s Eeports, and two in Blackford’s, adjudging the precise point; that it is unnecessary to aver that the plaintiffs are a corporation. 3 Harrison’s R. 105, ed. 158, 4 Black. R. 267, 5 ed. 146.
The following cases in this state favor the same proposition: (1 J, C. 132, Bank of the U. S. v. Hoskins, 2 Cowen, 770; Bank of Utica v. Smalley,) and cases cited in the latter in the opinion of the court (4 Sand. S. C. R. 675, The Holyoke Bank v. Hoskins).
It is a general rule that it is unnecessary to aver anything in the complaint that is not required to be proved.
By 2 R. S. 458, § 3, it is provided that a corporation plaintiff created by the laws of this state, need not prove its existence on the trial of the cause, unless the defendant shall have pleaded in abatement, or in law, that the plaintiffs are not a corporation.
If the defendants deem such to be the fact, they can set up in their answer that the plaintiffs are not a corporation. 2 R. S. 458, § 3.
It does not appear on the face of the complaint that the plaintiff is not a corporation. It does not, therefore, appear that the plaintiff has not legal capacity to sue. Unless that appears, a demurrer cannot be sustained which is based on that objection. Code, § 144, sub. 2.
■ The name In which the suit is brought being an appropriate corporate name, the plaintiff will be intended, for all the purposes of the suit, to be a corporation, unless the contrary be averred by plea. 3 Harrison’s R. 105; 2 R. S. 458, § 3; Laws of 1845, chap. 345.
The plaintiff must have judgment on the demurrer, but with liberty to defendants, on serving on plaintiff’s attorney within five days from the service of this order, an affidavit of merits, *709 to withdraw demurrer, and answer in twenty days, on payment of the costs of the demurrer.
Approved by all the judges on consultation,