Kennedy *v.* Cotton.

———————◆———————

## KENNEDY *vs.* COTTON.

In an action brought by a corporation, or its assignee, upon an agreement, no specific allegation, in the complaint, of the incorporation of the company, is necessary.

A statement of the name of the corporation, and of the making of the agreement between the defendant and the company, and of what the company did in fulfilment of the agreement, includes the idea of the legal existence of the company; and the fact of incorporation is mere evidence in support of it, not essential to be particularly stated, in the pleading.

The common law rule, on this subject, is wholly unaffected by the provisions of the revised statutes giving a short form of pleading their incorporation by corporations created by statute, and relieving such corporations from proving, in actions brought by them, their corporate existence, " unless the defendant shall have pleaded in abatement or bar that the plaintiffs are not a corporation."

This rule of the common law is too well sustained by authority, to be shaken by the cases of *Johnson v. Kemp,* (11 *How. Pr. Rep.* 186,) and *The Bank of Havana v. Wickham,* (16 *id.* 97,) which, upon that point, did not receive due consideration.

A defendant cannot object that the incorporation of a company was not proved, where it does not appear that the objection was taken at the trial.

Nor can he raise the objection, afterwards, where it affirmatively appears that it was assumed at the trial that the company was a corporation; the defendant at no time intimating that it was not such.

Where individuals, as president and secretary of a rail road company, acting for the company, contracted with the plaintiff for the construction of station buildings for the company, and assigned to him, in part payment, an agree-

ment between the company and the defendant; and the company, after the buildings were erected, occupied the same, thereby recognizing those persons as their officers, and their authority to do what they had done; *Held* that the official character of those persons and their authority to assign the agreement, in behalf of the company, were sufficiently proved.

Where the defendant, with others, subscribed a writing, by which, in consideration that a rail road company would construct a depot &c., for the accommodation of travelers, at B., he agreed to pay the company $50, for the purpose of aiding in making said depot and establishing and improving public roads to and from the same; *Held* that the instrument imported a request to the company to construct the buildings and establish and improve the roads; and that a compliance with the request, by the company, so far as to construct the depot, was a sufficient consideration for the defendant's undertaking.

APPEAL from a judgment entered at a special term, upon the report of a referee. The complaint alleged that the defendant severally with *others*, made an agreement with the Buffalo and New York City Rail Road Company, whereby he agreed to pay the said company the sum of fifty dollars, in consideration that the said company would construct a depot, comprising water tank, warehouse, office, &c., at a certain point in the town of Burns, or Dansville; that said agreement was in writing, and at the time of its execution was delivered to the said Buffalo and New York City Rail Road Company; that said company agreed to construct said depot, water tank, &c., and did subsequently build the same; that said agreement subsequently and before the commencement of the action, was duly assigned to the plaintiff, who claimed judgment for fifty dollars and interest from the 18th day of September, 1851. The answer was a general denial of the allegations of the complaint.

The following is the agreement sued on :

"In consideration that the Buffalo and New York City Rail Road Company construct a depot, comprising water tank, warehouse, office, &c., for the accomodation of travelers and freight in the town of Burns or Dansville, at some point between Dea. L. P. Kennedy's east line and the so called Bull lot; we the subscribers severally agree to pay to said com-

Kennedy *v.* Cotton.

pany the sum set opposite our respective names, for the purpose of aiding in making said depot, and establishing and improving public roads to and from the same.

Dated Burns, Sept. 18th, 1851."

To this the defendant's name was subscribed, for $50.

The referee found the following facts:

1. That the defendant with others, made, executed and delivered to the Buffalo and New York City Rail Road Company the instrument in writing set out in the complaint, dated 18th Sept., 1851, the defendant being a subscriber thereto in the sum of $50. 2. That the Buffalo and New York City Rail Road Company, in the fall and winter of 1851, constructed at the point indicated in said instrument, a water tank, and temporary freight and passenger house, which were used by the company until 1854, when the same were replaced by permanent erections for the same purpose, which have since then been used; that their last erections were made by the plaintiff and one D. J. Wood, by virtue of a contract made between them, of the one part, and the said company, by A. D. Patchin, their president, of the other part, dated 10th August, 1854, by which the plaintiff and Wood were to do said work and receive the assignment of said instrument in writing, in payment therefor; that in pursuance of said contract, the company, by A. D. Patchin, their president, assigned said instrument in writing to the plaintiff. 3. That the interest on said fifty dollars subscribed by the defendant since the completion of the permanent buildings, 1st January, 1855, was eight dollars and nine cents. As a conclusion of law, he found the plaintiff was entitled to recover of the defendant the sum of fifty-eight dollars and nine cents, besides costs. Upon the plaintiff offering the agreement in evidence, on the trial, the defendant's counsel objected to the same, on the grounds: 1. That there was no mutual agreement between the parties to the instrument. 2. That there was no allegation in the complaint that the Buffalo and New York City Rail Road was a corporation.

Which objections were overruled by the referee and the de-

fendant's counsel, excepted.　The signature of the defendant to the instrument was admitted by the defendant's counsel, and the same was received in evidence.　The plaintiff then offered in evidence the assignment of the said instrument, executed by A. D. Patchin, as president, and R. Pomeroy, as secretary, of the company; which was objected to by the defendant, on the grounds:　1st. That the corporation was not competent to make the assignment.　2d. That there was no proof that the parties executing the assignment were officers of the corporation, at the date of the assignment.　3d. That there was no evidence that the seal affixed to the assignment was the seal of the corporation.　4th. That the president and secretary had no power to contract for the corporation.　5th. That there was no proof that they ever executed the assignments.　The objections were overruled by the referee, and the defendant's counsel excepted; and the assignment was received in evidence.

The plaintiff proved that Patchin and Pomeroy acted as president and secretary of the company, and were reputed to be such, at and previous to the date of the assignment, and were recognized as such officers, by the company.

When the plaintiff rested, the defendant moved for a nonsuit; which motion was denied by the referee.　Judgment was entered for the plaintiff. for the amount reported to be due.

*John A. Van Derlip*, for the appellant.

*A. J. Abbott*, for the respondent.

*By the Court*, T. R. STRONG, J.　It was not necessary for the plaintiff to allege, in the complaint, the incorporation of the Buffalo and New York City Rail Road Company, further than is done by the statement of its name, and of the making of the agreement between the defendant and the company, and what the company did in relation to the agreement.　That statement includes the idea of the legal existence of the company; and the fact of incorporation was mere evidence in

Kennedy *v.* Cotton.

support of it, not essential to be particularly stated in the pleading. No more certainty was required in the complaint, as to the corporate character of the company, than if the company had brought the action; and in that case it would be clear, upon authority, that at common law no specific allegation of incorporation would be important. The name of the company would imply its corporate existence. It would be impliedly averred, by the name, that the company was a corporation. And under the general issue the company would be bound to prove its incorporation. This doctrine is supported by numerous cases; among which I refer to *Norris* v. *Stops,* (*Hob.* 211;) *Henriques* v. *The Dutch West India Co.,* (2 *Ld. Raym.* 1535;) *The President of the U. S. Bank.* v. *Haskins,* (1 *John. Cas.* 132;) *The Bennington Iron Co.* v. *Rutherford,* (3 *Harrison's N. J. Rep.* 105, 158;) *Harris* v. *The Muskingum Co.,* (4 *Blackf.* 267;) *Richardson* v. *The St. Josephs Iron Co.,* (5 *id.* 146.) *See also The Dutchess Cotton Manufact. Co.* v. *Davis,* (14 *John.* 239;) *Bank of Utica* v. *Smalley,* (2 *Cowen,* 770, 778;) *Bank of Michigan* v. *Williams,* (5 *Wend.* 478, 482.) The revised statutes of this state have provided a short form of pleading their incorporation by corporations created by or under any statute of this state; and have also relieved such corporations from proving, in actions brought by them, their corporate existence, "unless the defendant shall have pleaded in abatement or in bar that the plaintiffs are not a corporation;" but they have not imposed upon corporations in declaring, the necessity of alleging their incorporation. The common law rule on that subject, as above stated, is wholly unaffected by those provisions.

It has been held in one case, at special term, under the code which makes it a ground of demurrer to a complaint that the plaintiff has not legal capacity to sue, that a corporation suing must show in the complaint how it was created. (*Johnson* v. *Kemp,* (11 *How. Pr. Rep.* 186.) And this decision has some countenance in another case at general term. (*The Bank of Havana* v. *Wickham,* 16 *How. Pr. R.* 97.) But in neither

case was the rule of the common law, that in an action by a corporation the corporate name includes an allegation of the plaintiff's corporate character, which must be proved under the general issue to a declaration, and, upon the same principle, under a general denial to a complaint, under the code, even adverted to; from which I think it manifest, that neither, as to the point in question, received due consideration. That rule is in direct conflict with those cases, and is, I am satisfied, too well sustained by authority to be shaken by them. (*See Union Mut. Ins. Co.* v. *Osgood,* 1 *Duer,* 707; *The Bank of Waterville* v. *Beltser,* 13 *How. Pr. R.* 270.) The wisdom and convenience of the rule also strongly commend its preservation.

The defendant is not at liberty to object that the incorporation of the company was not proved, as it does not appear that the objection was taken at the trial. It was incumbent on the defendant to raise the objection there, to entitle him to avail himself thereafter of the omission or defect of proof in respect to that part of the case. If the objection had then been made, it might possibly have been obviated by proof. Besides, it affirmatively appears to have been assumed at the trial that the company was a corporation. In objecting to evidence, the defendant repeatedly designated the company as a corporation; as that there was no allegation in the complaint that the company was a corporation, that the corporation was not competent to make the assignment, the omission of proof that the persons executing the assignment were officers of the corporation, that the seal affixed was the seal of the corporation, that the president and secretary had power to contract for the corporation: at no time intimating that the company was not a corporation.

The official character of the persons who acted as president and secretary in assigning the agreement with the defendant to the plaintiff, and their authority to execute the assignment for the company, were sufficiently proved. They, as such officers, and acting for the company, contracted with the plaintiff,

for the construction of the station buildings for the company, and assigned to the plaintiff the said agreement towards payment; and the company, after the buildings were erected, occupied the same, thereby recognizing those persons as their officers, and their authority to do what they had done.

The agreement in question clearly imports a request to the company to construct the buildings, and establish and improve the roads specified in the agreement, and a compliance with the request by the company, so far as to construct the depot, which was the consideration, on its part, of the agreement, was a sufficient consideration for the defendant's undertaking. The recent case of *Barnes* v. *Perine*, (2 *Kern.* 18,) and the cases there referred to, are entirely decisive upon this point, and render any discussion of it unnecessary.

It must be assumed from the report of the referee, that the buildings were erected by the company in pursuance of the agreement; and that was an acceptance of the whole of the agreement by the company, binding them to apply whatever moneys they should receive upon it to the purposes therein mentioned.

My conclusion therefore is, that the judgment appealed from is right and should be affirmed.

[MONROE GENERAL TERM, September 6, 1858. *T. R. Strong, Welles* and *Smith,* Justices.]

