## SUPREME COURT.

### THE SHOE AND LEATHER BANK agt. AUGUSTUS J. BROWN.

Under the Code the plaintiff need not aver in his complaint any fact not necessary to be proved on the trial. And as it has been held by the court of appeals (3 *Kern.* 309), that a corporation need not prove its corporate existence, unless the defendant pleads expressly that the plaintiffs are not a corporation, it follows that the plaintiffs need not allege in their complaint or refer to the act of their incorporation.

*New-York Special Term, September,* 1859.

THIS action was brought upon a promissory note made by the defendant, Brown, and transferred by the payee to the plaintiffs. The complaint alleged that the plaintiffs were a corporation formed under the laws of this state, but made no allusion to the act of their incorporation. The defendant de-

murred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

F. C. CANTINE, *for defendant.*
D. McMAHON, *for plaintiffs.*

INGRAHAM, Justice. The plaintiffs, a corporation under the banking law, sue upon a note held by them, without setting out the title and date of the act under which it was created. The defendant demurs upon the ground that the complaint does not show facts sufficient to constitute a cause of action, alleging that it appears on the complaint that the plaintiff has not legal capacity to sue.

In *The Bank of Waterville* agt. *Beltzer* (14 *How. P. Rep.* 270), Judge EMOTT held, that no such averment was necessary in the complaint, and refers to various cases under the former system of practice, as well as under our present Code, sustaining his views of this question.

In *The Bank of Lowville* agt. *Edwards* (11 *How. P. R., p.* 216), it was held by Mr. Justice HUBBARD, that a general demurrer, that the complaint did not contain facts sufficient to constitute a cause of action, did not reach the objection, that the corporation did not aver the act of incorporation. In both cases, it was held that the objection must be specially taken to the existence of the corporation, as required by statute.

The only case conflicting with these decisions is that of *Johnson, president,* agt. *Kemp* (11 *How. Pr. Rep.* 186), in which Mr. Justice MITCHELL held, that a bank, suing under the banking law, must aver in the complaint the act and date of its passage under which it was incorporated.

In *The Bank of Havana* agt. *Wickham* (16 *How. Pr. Rep.* 97), Mr. Justice BALCOM approves of this decision, as stating the correct rule, but at the same time admits that if the case of *The Bank of Lowville* agt. *Edwards* is to be applied, the complaint would be sufficient, and holds in that case, that a special denial is necessary in the answer. I think, however, the court of appeals in *The Bank of Genesee* agt. *The Patchin Bank* (3

*Kernan*, 309), have settled between these conflicting cases, by holding that a corporation need not prove its corporate existence, unless the defendant plead expressly that the plaintiffs were not a corporation. If so, it need not be stated in the complaint, because it is well settled that under the Code the plaintiff need not aver in his complaint any fact not necessary to be proven on the trial. The same point was expressly decided in *Kennedy* agt. *Colton* (28 *Barb. S. C. Rep., p.* 60). I understand the general term in this district have also so held.

I think, therefore, the plaintiff is entitled to judgment. Motion granted.