## THE PHENIX BANK OF THE CITY OF NEW YORK *vs.* DONNELL.

It need not be stated, in a complaint, that the plaintiff has legal capacity to sue. The want of such an allegation affords no ground of demurrer. Per *Leonard,* P. J.

A corporation suing as such, need not allege in the complaint, that it is a corporation duly incorporated and has legal capacity to sue.

Where a plaintiff sues by an appropriate corporate name, it is not necessary to expressly aver in the complaint that the plaintiff is a corporation; there

being in such a case an implied averment in the complaint that the plaintiff is a corporation. *Aliter* in a suit by a corporation incorporated by the name of an individual. *Per Sutherland J.*

APPEAL from an order made at a special term, overruling a demurrer to the complaint. The complaint was in the name of "The Phenix Bank of the city of New York, plaintiffs in the above entitled action," without any statement or averment of its incorporation. The defendant demurred, and stated the following grounds of demurrer : 1. That it appeared by the complaint that the plaintiff had not legal capacity to sue. 2. That it did not appear that the plaintiff was a corporation, duly incorporated and entitled to sue. 3. That the complaint did not state facts sufficient to constitute a cause of action.

The special term overruled the demurrer, and ordered judgment for the plaintiff, but with leave to the defendant to answer, on payment of costs.

*Cummins, Alexander & Green,* for the appellant.

*E. S. Van Winkle,* for the respondent.

LEONARD, P. J. Although there is no allegation in the complaint that the plaintiff has legal capacity to bring an action, nor that the plaintiff is a corporation, it is difficult to assume that such capacity does not exist. A demurrer can be taken only when the grounds to support it appear from the pleadings. Otherwise the objection must be taken by plea or answer, stating the particular facts which constitute the defense or objection.

Can it be said that the plaintiff is not a corporation ? The negative is not apparent from the complaint.

The revised statutes provide (2 *R. S.*, 458, § 3,) that "in suits brought by corporations created by or under any statute of this state, it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defend-

ant shall have pleaded, in abatement or in bar, that the plaintiffs are not a corporation." This statute provides, by implication, that the defendant shall aver the fact in question, if he wishes to raise such an issue. The complaint need not aver any fact which it is unnecessary for the plaintiff to prove in order to maintain his action.

It need not be stated in a complaint that the plaintiff has a legal capacity to sue. The want of such an allegation affords no ground of demurrer. The want of capacity must appear before it can become a ground of demurrer from the facts that are stated, not from the omission of facts that would expose such want. (*The Union Mutual Ins. Co.*, v. *Osgood*, 1 *Duer* 707, *and authorities cited*.)

In the case of the *Bank of Genesee* v. *The Patchin Bank*, (3 *Kern*, 313,) the complaint expressly alleged the corporate existence of the plaintiff, and the defendants denied, by their answer, every allegation of the complaint. Judge Denio held that this pleading did not require the plaintiffs to prove their corporate character; and this was the opinion of the court in that case. It was further held that the provision of the revised statutes, above referred to, is not abolished by the provisions of the code. Judge Denio also says, page 314, "If the defendant really desired to litigate that question, he was required to plead the fact expressly." This appears to be conclusive authority that the allegation that the plaintiffs are not a corporation must be expressly averred by the answer in order to raise the question, and that the issue cannot be raised by a negation of the allegation in the complaint. Of course, then, if the allegation of the fact in the complaint, denied by the answer, imposes no necessity for the plaintiffs to prove their corporate character, there can be no rule of pleading requiring such an allegation in the complaint.

It is unnecessary to consider the question separately under the sixth subdivision of section 144 of the code. That subdivision is not applicable to the ground of demurrer here

insisted on.　(*Conn. Bank* v. *Smith*, 9 *Abb. P. R.* 173, *opinion by Clerke, J.*)

The judgment should be affirmed, with costs.

CLERKE, J. concurred.

SUTHERLAND, J.　I concur in the conclusion.　I am willing, out of respect for the decisions in the *Union Mutual Ins. Co.* v. *Osgood*, (1 *Duer*, 707,) *Kennedy* v. *Cotton*, (28 *Barb.* 63,) and *Shoe and Leather Bank* v. *Brown*, (18 *How. Pr. Rep.* 308,) to hold that where, as in this case, the plaintiff sues by an appropriate corporate name, it is not necessary to expressly aver in the complaint that the plaintiff is a corporation, on the ground that in such a case there is in the complaint an implied averment that the plaintiff is a corporation; though it appears to me that the English cases and the cases in this state, cited in the two first mentioned cases, decide merely on this point, that the complaint need not aver how the plaintiff was incorporated; that is, need not set out or refer to its act of incorporation, or its right or title to be a corporation.

Before the revised statutes, the plea of the general issue put in issue the fact of the plaintiff being a corporation, (*Bank of Utica* v. *Smalley*, 2 *Cowen*, 778, *and cases cited;*) and how could that be, unless the complaint contained an averment, express or implied, that the plaintiff was a corporation?

So the provisions of the revised statutes, that in suits brought by corporations, it shall not be necessary to prove on the trial the existence of such corporation, unless the defendant has pleaded in abatement or in bar that the plaintiffs are not a corporation, rather implies that it should appear from the complaint that the plaintiffs sue as a corporation, for otherwise there would be nothing to put the defendant upon inquiry, whether in fact the plaintiffs were a corporation.　In other words, the right of the defendant,

recognized by the statute, to expressly plead, in abatement or in bar, that the plaintiffs were not a corporation, would seem to imply that it should appear from the complaint that the plaintiffs sue as a corporation.

I have no doubt that in a suit by a corporation incorporated by the name of John Smith, or of John Smith and Robert Smith, the complaint should contain an express averment that the plaintiff is a corporation.

Judgment affirmed.

[NEW YORK GENERAL TERM, May 2, 1864. *Sutherland, Leonard* and *Clerke,* Justices.]