## WALMSLEY vs. ACTON.

The object, use- and effect of a notice of protest implies that it can only come from, or in behalf of, a person, who is a party to the bill or note, and as such is entitled to enforce it; and also that it be given distinctly upon the authority of such person, and in his name.

If the notice is verbal, it must be given by some one thus entitled to give it, in fact; and if written it must appear upon its face to be so given. An anonymous notice—or notice without signature—is no notice.

Where a promissory note became due September 9, that being the third day of grace, and it was duly demanded on that day, but the notice of protest was dated September 10, and stated that the note "was this day protested." *Held* the notice was invalid.

THIS was an action brought upon a promissory note, for $102.77, dated December 6, 1860, made by William A. Nash, and payable to the order of himself, nine months after date, with interest; which note was indorsed by him and delivered to one John Walmsley, who subsequently, for value received, sold and delivered the same to the plaintiff, James Walmsley. The complaint set forth the above facts, and alleged the presentment of the note, at maturity, the non-payment thereof, and protest and notice thereof. The answer was a general denial of the matters stated in the complaint. The action was tried at the circuit, before a judge of this court without a jury. The judge, among other facts, found the following, viz: That the note sued on became due on the 9th day of September, 1861, and the plaintiff in the afternoon of that day duly demanded of the maker payment thereof, which was refused; that such demand was made at Otisco, in Onondaga county, where the maker of the note resided, a place about twelve miles from Syracuse; that in the forenoon of the next day, the plaintiff deposited in the post office at Syracuse, properly enclosed in an envelope and addressed to the defendant at New York, his place of residence, with the postage prepaid, a notice of protest in the following form:

$102$\frac{77}{100}$                    "*Syracuse, N. Y. Sept.* 10, 1861.

SIR: Please to take notice that a note signed by William

Walmsley v. Acton

A. Nash, for one hundred and two $\frac{22}{100}$ dollars, and indorsed by you, was this day protested for non-payment, and that the holders look to you for the payment thereof, payment having been demanded and refused.

Respectfully yours.

To Samuel G. Acton."

That said notice so mailed was received by the defendant in New York, on the 12th day of September, 1861. And as conclusions of law the court found: 1st. That the notice of protest mailed by the plaintiff, to and received by the defendant, was insufficient and void, by reason of the omission of the plaintiff's or any signature thereto; and 2d. that the defendant was entitled to judgment, dismissing the complaint with costs. From this judgment the plaintiff appealed.

*J. C. Chumasero*, for the appellant.

*J. McConville*, for the respondent.

*By the Court*, E. DARWIN SMITH, J. The defendant is sued as an indorser of a note of $102.22, and the only question raised at the circuit was whether he had been duly fixed as such indorser. It was there held that he had not been duly charged upon the note, and judgment was given for the defendant. Two points are presented upon the argument of the cause. It was held by the learned judge who tried the cause at the circuit without a jury, that the notice of protest mailed by the plaintiff to and received by the defendant was insufficient and void by reason of the omission of the plaintiff's or any signature thereto. This presents the first point for our consideration. The contract of an indorser is a conditional one. He agrees by force of his indorsement that the maker shall pay the note or bill at maturity, and that in case he does not, upon due demand for that purpose, he, the indorser, will himself pay such bill, provided the holder gives him due notice of such demand and non-payment.

The purpose and object of this notice of non-payment is to convert a conditional into an absolute contract; to change a liability from an uncertain and contingent into a fixed and positive engagement.

The notice thus to charge or fix an indorser is an act to be performed by the holder or his agent, or by some person who is a party to the bill or note, or who would on the same being returned to him and after paying it, be entitled to call for payment or reimbursement. (*Byles on Bills, ch.* 7, § 2. *Edwards on Bills, p.* 626. *Story, p.* 304.)

From the very character and office of this notice it must needs have a responsible father or author. It must come from some one who is a party to it, or from some banker, broker, attorney, agent or notary who has possession of the bill, or some one interested in it and who may be entitled to enforce it against such indorser. The object, use and effect of this notice implies that it can only come from or in behalf of a person who is a party to the bill or note, and as such is entitled to enforce it, and also that it be given distinctly upon the authority of such person and in his name. If the notice is verbal, it must be given by some one thus entitled and give it in fact; and if written, it must appear upon its face to be so given. An anonymous notice is no notice. It is no more than notice from a stranger, or casual information of the non-payment of the bill; neither of which would be a good notice. (*Chanoine* v. *Fowler,* 3 *Wend,* 173. 1 *Parsons on Bills,* 504. *Story on Bills,* § 303.)

Parsons says, (*p.* 467,) that the notice of protest should state where the note is, that the party notified may find it, and should state who the holder is, and who gives the notice, or at whose request is it given. (*Parsons,* 407.) This question has been decided in the case of *Walker* v. *The Bank of Missouri,* (8 *Mo. Rep.* 706.) That case was quite like the present. The notice of protest was in due form, and was given by a notary, without his signature, he simply signing it—notary public. It was held by the court of appeals

Walmsley *v.* Acton.

of that state that the notice was not valid. The learned judge, in giving the opinion of the court, said : " The notice proved in this case to have been put in the post office for Walker was not signed by any person. Then it was given by no person, either principal or agent."

I think this must be considered the law on this point.

The other objection to this notice made on the argument, I think equally valid. The note was due September 9. That was the third day of grace, and it was duly demanded on that day ; but the notice of protest was dated on the 10th of September, and states that the note " was this day protested." This notice thus upon its face shows that it was not in time, but that demand and protest were made after the note was dishonored.

It was held in *Wynn* v. *Alden*, (4 *Denio*, 163,) that a notice of protest, to charge an indorser, must show upon its face that the presentment was in due time. In that case the note was demanded on the right day, &c. but the notice was without date, and stated that the note had been " this day " presented to the maker for payment and payment refused.

The case of *Ransom* v. *Mack*, (2 *Hill*, 587,) was quite in point. In that case the third day of grace fell on the 4th of July, and the note was duly demanded and presented on the 3d, but the notice of protest was dated on the 4th, and stated that the note had been *that day* demanded. The notice was held insufficient, Judge Bronson said : " That although the defendant was informed that a demand had been made, he was also informed that it was made on a wrong day." (*And see De La Hunt* v. *Higgins*, 9 *Abb. Pr. Rep.* 422 ; *Edwards on Bills*, 591 ; *Parsons on Bills*, 476.)

Upon both points I think the notice insufficient, and the defendant therefore not duly charged as indorser.

The judgment of the special term should therefore be affirmed.

[MONROE GENERAL TERM, September 5, 1865. *Johnson*, *J. C. Smith* and *E. Darwin Smith*, Justices.]