## HIRAM A. SHARP v. THOMAS J. BARKER.

1. MORTGAGE; TAXES; *Right of Mortgagee.* On the failure of the mortgagor to pay the taxes levied on the mortgaged premises, the mortgagee may pay them and have the amount included in any judgment rendered on the mortgage.

2. ATTORNEYS' FEES; *Stipulation in Mortgage.* A stipulation in a mortgage to pay ten per cent. attorneys' fees on foreclosure, where the mortgage debt is under $4,000, is valid, and the amount of the fee not so excessive that a court of equity will refuse to enforce the stipulation therefor.

3. INTEREST ON JUDGMENT; *Taxes and Attorneys' Fee.* The taxes paid by the mortgagee, and stipulated attorneys' fee, when included in the judgment, draw the same rate of interest as the judgment.

### *Error from Wyandotte District Court.*

SHARP gave his note to *Barker*, bearing interest at the rate of twelve per cent. per annum, and secured said note by mortgage. One condition stated in the mortgage was, that if the "taxes or assessments of every nature which are assessed or levied against said premises" should not be paid at the time when the same was by law due and payable, then the whole of the mortgage-debt should immediately become due and payable. Another condition was "that upon forfeiture of said mortgage, or in case of default in any of the payments therein provided for," the mortgagee should be entitled "to a judgment for the possession of said premises, and costs, expenses, and attorneys' fees of ten per cent. of the amount due for foreclosing said mortgage, as provided by law." An action to foreclose the mortgage was brought, and tried at the October Term 1872. The court found as due the plaintiff the sum of $4,187.79 as principal and interest on the note; $194.63 paid by *Barker* to redeem the mortgaged premises from a sale for taxes levied thereon and unpaid by *Sharp* when due — making $4,382.42; and the court allowed plaintiff the sum of $438.24 as attorneys' fees, being ten per cent. of the foregoing sum, as stipulated in the mortgage; and finding that all of said sums, making an aggregate of $4,820.66, were a lien on the mortgaged premises, gave judg-

ment therefor in favor of the plaintiff, with interest thereon from the date of such judgment at the rate of twelve per cent. per annum, and rendered a decree that in default of payment the mortgaged premises be sold to satisfy said judgment and costs. *Sharp* brings the case here on error for review.

*D. B. Hadley,* for plaintiff in error:

1. Plaintiff below did not claim in his petition that he had any right to pay the taxes. He would not be entitled to a judgment against defendant below without showing in his petition that either in the mortgage or somewhere Sharp had authorized him to pay said taxes. There is no implied promise by Sharp to pay back to Barker those taxes. A gratuitous payment of money cannot be recovered back: 3 Johns., 434; 8 Johns., 436; 10 Johns., 361; 14 Johns., 87.

2. The taxes of $194.63, and the attorney fee of $438.24, are not a lien upon said land, for the mortgage does not make them so, and there is no other way in which they could be, any more than any simple judgment. The mortgage gives the right to have a "judgment of ten per cent. of the amount due for attorneys' fees for foreclosing said mortgage, as provided by law." Ch. 87, Laws of 1870, provides (§ 13,) they may "be collected on the order of sale or sales issued thereon;" but does not make them a lien.

3. Interest at any rate higher than seven per cent. cannot be allowed on the taxes paid, after judgment, nor on the ten-per-cent. attorney fee. Gen. Stat., ch. 51, §§ 1, 5, 6. Parties may stipulate for the payment of twelve per cent. on "any bond, bill, promissory note, nor other instrument of writing;" (§ 2.) Neither the taxes nor the attorney's fee come under any of those heads. 1 Kas., 285, 335; 2 Kas., 184, 192; 3 Kas., 515; 4 Kas., 187; 5 Kas., 567. In *Tholen v. Duffy,* 7 Kas., 405, Tholen agreed in the mortgage that the attorney fee should be added to any judgment thereon.

*Cook & Sharp,* for defendant in error:

1. The mortgagee had the right to pay the taxes, and have the amount included in the judgment: Gen. Stat., ch. 107, §135.

2. The finding and judgment for attorneys' fees was in accordance with the stipulation in the mortgage, and was correct. *Tholen v. Duffy,* 7 Kas., 405.

3. When a rate of interest is specified in any contract, that rate shall continue until full payment is made; and any judgment rendered on such contract shall bear the same rate of interest mentioned in the contract, which rate shall also be mentioned in the judgment: Gen. Stat., ch. 52, § 6. Now as the mortgagee may legally pay the taxes on the mortgaged premises, and have them included in any judgment rendered on the mortgage, it follows, that the entire judgment must draw the same interest as the contract on which it is rendered, including of course the taxes so paid, and such attorney fees as are allowed in pursuance of the contract between the parties.

Attorneys' fees are not taxed as costs, but based upon a contract between the parties, their consideration being the failure to pay the note when due, and the resulting necessity of the employment of counsel to prosecute a foreclosure and subject the property to the payment of the debt. *Tholen v. Duffy,* 7 Kas., 405; *Stover v. Johnnycake,* 9 Kas., 367.

The opinion of the court was delivered by

BREWER, J.: But three questions are involved in this case. *First:* Can a mortgagee, on the failure of the mortgagor to pay the taxes levied upon the mortgaged premises, pay the same and have them included in the judgment rendered on the mortgage? This has been recently decided in the affirmative by this court: *Stanclift v. Norton,* ante, 218. *Second:* Is a stipulation in a mortgage to pay ten per cent. attorneys' fees upon foreclosure, valid? This also has been decided in the affirmative. *Tholen v. Duffy,* 7 Kas., 405

The amount of the mortgage-debt is not so large as to make a ten-per-cent. attorney fee grossly excessive. It is not so large that a court of equity will refuse to enforce a stipulation therefor. *Third:* Will so much of the judgment as is for attorneys' fees and taxes draw seven per cent. interest, or the rate stipulated to be paid on the mortgage-debt? The law as to taxes is, that they shall be "included in the judgment:" Gen. Stat., 1062, § 135. The stipulation in the mortgage is that the plaintiff "should be entitled to a judgment for the possession of the premises, and costs, expenses, and attorneys' fees of ten per cent. of the amount due." Both taxes and attorneys' fees are included in the judgment, and should, we think, bear the same rate of interest that the parties have stipulated for the judgment.

The judgment will be affirmed.

All the Justices concurring.