DAVID STANLEY, et al., v. THE FARMERS' BANK.

1. CORPORATION; PLEADING; *Denials in Justices Courts.* In a justice's court the existence of a corporation may be put in issue by the defendant without a denial under oath, and even without a written denial of any kind.

2. —————— *Proceedings and Rights, on Appeal.* On appeal from a justice of the peace to the district court, each party may, without filing new pleadings, prove any cause of action or defense which he might have proved .before the justice, and each may introduce any evidence which he might have introduced before the justice.

3. —————— The district court may allow new pleadings to be filed, in cases appealed from a justice's court, only "in furtherance of justice."

4. INDORSER; DEMAND, AND NOTICE, *When to be Made, and Given.* Where a promissory note became due April 4th, and the last day of grace was April 7th, and two demands for payment were made—one on April 7th, by a general agent of the holder of the note, and the other on April 8th, by a notary public, and no notice of the first demand was ever given to the indorser, but only a notice of the second demand was given to him, which second demand was one day too late, *held,* that the indorser was discharged.

5. ATTORNEY-FEE, *When Recoverable.* The court below committed no error in rendering judgment for an attorney-fee, which attorney-fee was stipulated for in the note.

*Error from Jackson District Court.*

THE *Bank* had judgment against *Stanley* and *Rose,* defendants, at the October Term 1874. The defendants bring the case here. The facts and proceedings are stated in the opinion. .

*Chas. Hayden,* for plaintiffs in error.

*H. J. Ransom,* and *C. Broderick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The following statement of facts is from the brief of the plaintiffs in error :·

"This case was originally commenced before a justice of the peace. The plaintiff below filed a bill of particulars, alleging in general terms that it claimed judgment against the defendants for $218, and the further sum of $25.98 for damages, protest-fees and attorney-fees, with interest, etc., upon a promissory note, a copy of which was set forth in a certificate of protest attached to and filed with the bill of particulars. Said note was dated March 5th 1874, was made by David Stanley, payable to order of E. D. Rose, due thirty days after the date thereof, and contained a stipulation to pay five per cent. as attorney-fees if suit be instituted on the note — negotiable and payable at the Farmers' Bank, to H. J. Ransom, cashier, and was indorsed by E. D. Rose. The certificate of protest showed that demand for payment was made, and the note protested for non-payment April 8th 1874. The defendants below did not appear at the trial before the justice, and judgment was rendered against them for the amount claimed. Defendants appealed, and the cause came on for trial in the district court at the October Term 1874. The defendants asked leave to file an answer, verified by affidavit of Stanley, denying that plaintiff was a corporation — which was refused by the court, and the ruling excepted to. At the trial in the district court, defendants moved to exclude all testimony, on the grounds that plaintiff's bill of particulars did not state facts sufficient to constitute a cause of action —which motion was overruled, and the ruling excepted to. Plaintiff then offered in evidence the certificate of protest and copy of note. Defendants' objections to the evidence overruled, and the ruling excepted to. Plaintiff then called as a witness, W. H. Dodge, who testified that he was a notary public, and demanded payment of the note on the 8th of April 1874, and on the same day delivered to Rose a notice of the demand 'just as stated in his certificate of protest.' All of his evidence objected to; objections overruled, and the rulings excepted to. Plaintiff then called as a witness, H. J. Ransom, who testified that he was cashier of the Farmers' Bank ; that Stanley had no money in the bank to pay the note, and that on the last day of grace he demanded payment from Stanley. Objections to this evidence overruled, and the rulings ex-

cepted to. Ransom also testified that he made no demand on Rose, and never notified him that the note was not paid. The judgment of the district court was in favor of plaintiff below for $226.25 debt, $15.08 notarial fees and protest damages, $10.90 attorney's fees, and costs of suit. New trial refused, and defendants excepted."

Upon this statement of facts, plaintiffs in error (defendants below) contended that the judgment of the district court should be reversed, for the reasons following—quoting from their brief:

"1st.–The district court erred in refusing to allow the defendants below to file their answer, verified by affidavit of Stanley, alleging that plaintiff was not a corporation. Although plaintiff below did not in terms allege that it was a corporation, yet it sued in an appropriate corporate name, and in such case there is an implied averment that it is a corporation. (41 Barb. 571.) The second defense offered would therefore constitute a perfect defense.

"2d.–The bill of particulars filed by plaintiff below does not state facts sufficient to constitute a cause of action against E. D. Rose, one of the defendants below; and the district court erred in overruling the motion to exclude all evidence at the trial. The last day of grace of the note was the 7th of April 1874. The certificate of protest attached to, filed with, and treated as a part of the bill of particulars, states that a demand was made on the 8th of said April, and this is the only intimation contained in the bill of particulars, or the exhibits, that a demand was ever made.

"3d.–The court erred in admitting in evidence the notarial certificate of protest. The certificate states in effect that the indorser was notified that a demand had been made on the 8th of April—one day after the last day of grace. Such a demand is insufficient, and a notice showing that presentment was not made on the proper day, does not charge the indorser.

"4th.–The district court erred in receiving the testimony of H. J. Ransom, showing that he made a personal demand from Stanley on the last day of grace. The plaintiff below having alleged in its bill of particulars that the demand was made by the notary on the 8th of April, it was bound by the case made by its pleadings.

"5th.–The judgment is not supported by the evidence. No evidence was offered in the district court to prove that

defendant in error is a corporation. No notice was given to
Rose that a demand was made on Stanley on the last day of
grace. The notice of non-payment, to charge an indorser,
must show that the presentment was made at the proper time.
(4 Denio, 163; Edwards on Bills, 591.)

"6th.–The district court erred in rendering judgment against
plaintiff-in-error Rose, as a principal debtor. The evidence
of Ransom shows that Rose signed the note as surety for
Stanley. (Gen. Stat. 720, § 470.)

"7th.–The court erred in allowing protest fees and damages.
The protest being illegal, for reasons already given, no pro-
test fees or damages could properly be allowed. (9 Kas. 640.)

"8th.–The district court erred in rendering judgment for
an attorney-fee. The stipulation contained in the note to
pay five per cent. attorney-fee, is usurious and void. (10 Ohio,
378.)"

The above and foregoing is taken from the brief of plain-
tiffs in error. The note sued on reads as follows:

"Holton, Kansas, March 5th 1874. $218.00. Thirty
days after date, I promise to pay to the order of E. D. Rose
two hundred and eighteen dollars, and five per cent. attor-
ney's fees if suit be instituted on this note, value received,
and negotiable and payable at the Farmers' Bank, to H. J.
Ransom, cashier.                    DAVID STANLEY."

"Due April 7th, 1874." .
    Indorsed, "E. D. ROSE."

We shall now reply to the points made by the plaintiffs
in error in their brief. Section 122 of the justices act, as
amended in 1870, (Laws of 1870, page 184, § 7,) provides
among other things, that any case appealed from a justice's
court to the district court "shall be tried *de novo* in the dis-
trict court upon the original papers on which the cause was
tried before the justice, unless the appellate court, in further-
ance of justice, allow amended pleadings to be made, or new
pleadings to be filed." Now we suppose it can scarcely be
claimed that it was necessary for the court below "*in further-
ance of justice*" to allow the plaintiffs in error (defendants be-
low) to file their said answer. *First*, It was not necessary
for any purpose for which they may have wanted to use it.
If it had been filed, it would not have given them any new

or more extended rights or privileges. In a justice's court the existence of a corporation may be put in issue by the defendant without a denial under oath, (Gen. Stat. 794, § 84,) and even without a written denial of any kind. (Gen. Stat. 791, §§ 71, 72, 73.) And on an appeal to the district court, the parties lose no rights, and gain none. Each party, without filing new pleadings, may prove any cause of action or defense which he might have proved before the justice, and each may introduce any evidence which he might have introduced before the justice. Therefore, the defendants in this case could have introduced on the trial any evidence to prove any defense which they might have had, just as well without said answer as with it. (*German v. Ritchie,* 9 Kas. 106, 111; *Sanford v. Shepard,* 14 Kas. 228, 231.) *Second:* But even if said answer would have been of any benefit to the defendants, still it would have been *against justice,* instead of being "in furtherance of justice," for the court to have allowed the defendants to file it. After the defendants got their money from said bank, and acknowledged the existence of the bank on the face of their note, and after being sued by the bank on the note in a justice's court, and judgment rendered against them, and after they appealed to the district court, and then waited until the case was called for trial in the district court before attempting to set up any such defense, and even then not making the slightest showing why they had been so long in default, it would not have been "in furtherance of justice" to have allowed them to file any such answer. It would seem that the bank had sufficient capacity to loan them the money, and they should not now attempt to deny its capacity to sue them for it.

II. The second to seventh points, inclusive, submitted by plaintiffs in error, may be considered together. The demand of payment made by the notary public, and the only demand of which the defendant Rose had any notice, was made one day too late, and was therefore ineffectual, and void. The note became due April 4th 1874. The last day of grace was April 7th. The only demand of which the defendant

Rose had notice, was not made until April 8th. It was shown however on the trial, that H. J. Ransom, cashier of the bank, made a demand on the proper day. But of this demand the defendant Rose had no notice. The only notice of any demand ever given to him was a notice showing that W. H. Dodge, the notary public, made a demand on April 8th. Now we do not think that the defendant Rose ever had any sufficient notice of any sufficient demand, and therefore he cannot be held liable for the payment of said note. And therefore the judgment rendered against him must be wholly set aside and reversed. This decision does not infringe upon that rule of law often enunciated, that mistakes or irregularities not calculated to mislead the indorser, and which he could easily correct by facts within his own knowledge, will not render the notice invalid. Whether the defendant Rose was actually misled, or would be actually injured in this case if he were held liable, is not shown. It must be presumed however that he was misled. Evidently, he would not under such a notice take any steps to secure himself by giving notice to any of the prior indorsers, (if there were any such indorsers,) or by any other means, for evidently he would suppose that the demand itself was so far void that none of the indorsers prior or subsequent could be held as liable by reason of such demand. The following cases, though not directly in point, are to some extent analogous to this case: *Ransom v. Mack*, 2 Hill, (N. Y.) 587; *Walmsley v. Acton*, 44 Barbour, 312; *Arnold v. Kinloch*, 50 Barbour, 44; *Wyman v. Alden*, 4 Denio, 163; *Etting v. Schuylkill Bank*, 2 Penn. St. 355; *Townsend v. Lorain Bank*, 2 Ohio St. 345, 359; *Routh v. Robertson*, 11 S. & M. (Miss.) 382. The above cases hold that the notice therein given was insufficient. The following cases hold it to be sufficient: *Crocker v. Getchell*, 23 Me. 392; *Ontario Bank v. Petrie*, 3 Wend. 456; *Journey v. Pierce*, 2 Houston, (Del.) 176. In the last three cases the demand was in fact made on the right day, and notice of *that very demand* was given in due time. But there was a mistake in the date of the notice, making it

appear that the demand was made too soon or too late by a day or two. The indorser however was not misled in either of the above three cases, and therefore it was held that he was not discharged. In the case at bar, there was sufficient evidence introduced on the trial from which the court could find that the plaintiff was a corporation, and there was no evidence to the reverse.

III. With respect to the 8th proposition of counsel, we do not think that the court below erred in rendering judgment for an attorney-fee. (*Tholen v. Duffey*, 7 Kas. 405, 409, et seq.; *Sharp v. Barker*, 11 Kas. 381.)

The judgment of the court below will be reversed as to the defendant Rose, and will be modified as to the defendant Stanley by striking out the sum of $15.08 allowed as "notary fees and protest damages." In other respects it will be affirmed as to the defendant Stanley.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.