1823.

Craycroft
vs
Craycroft

---

JUNE.

## CRAYCROFT vs. CRAYCROFT.

*A, by his will, devised his lands to his three sons B, C and D, in joint-tenancy. B died in the life-time of the testator—Held, that the devise did not lapse, but on the death of the testator, C and D took the whole interest by survivorship; and not being a lapsed devise, is not within the provisions of the act of 1810, ch. 34*

APPEAL from a decree of Prince-George's county court, sitting as a court of equity. The appellants filed their bill against the appellees, claiming the entire interest in two parcels of land in *Prince-George's* county, of which *Bladen Craycroft*, the ancestor of both the appellants and the appellees, died seized, and asking of the court to make a partition of these lands between the appellants. The facts set forth in the bill, and which are admitted by the answers are, that *Bladen Craycroft*, who was the father of the appellants, and grandfather of the appellees, being seized of the lands in question, by his will, dated the 16th of December 1813, devised them to the appellants, and to his son *J. P. Craycroft*, the father of the appellees, and brother of the appellants, in joint tenancy. After the date of the will, and before the testator's death, *J. P. Craycroft*, the father of the appellees, died intestate, leaving the appellees his heirs at law. And the question was, whether they have any and what interest in the land so devised? The county court [*Johnson*, Ch. J. and *Key*, A. J.] in the reasons given for their decree, stated that by the fourth section of the act of 1810, ch. 34, it is express-

ly enacted, that "no devise, legacy or bequest, shall lapse or fail of taking effect by reason of the death of any devisee or legatee, but every such devise, legacy or bequest, shall have the same effect and operation in law to transfer the right, estate and interest; in the property mentioned in such devise or bequest, as if such legatee had survived the testator," language more strong, can be hardly conceived, that would more effectually have secured the interest of the defendants, —— decreed, that the complainants are each entitled to one equal third part of the land devised, and that the defendants, the heirs of the devisee, are entitled equally to the remaining third part; but inasmuch as it doth not appear to the court whether the interest of the parties will be advanced by a partition or sale, it is adjudged that T. T. S, &c. be appointed commissioners, &c. From this decree the complainants appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, EARLE, MARTIN, and DORSEY, J. by

*R. Johnson,* for the appellants, who referred to the act of 1810, *ch.* 34, *s.* 4. 2 *Fonbl.* 306; and 2 *Blk. Com.* 513.

No counsel appeared for the appellees.

The opinion of the court was delivered by

BUCHANAN, J. The will of *Bladen Craycroft,* under which the appellants claim, was made on the sixteenth day of December in the year 1813, and what interest they took on the death of the testator, in the lands devised, depends upon the construction to be given to the *fourth* section of the act of 1810, *ch.* 34, which is in these words, "no devise, legacy or bequest, shall lapse or fail of taking effect by reason of the death of any devisee or legatee named in any last will or testament, but any such devise, legacy or bequest, shall have the same effect and operation in law, to transfer the right, estate and interest, in the property mentioned in such devise or bequest, as if such devisee or legatee had survived the testator," and means no more than what is clearly expressed, and is only a provision for the case of a lapsed legacy or devise, which certainly is not this case. *Bladen Craycroft* devised the lands in controversy to his three sons, *John P. Craycroft,* and *Clement*

1823.

Craycroft
vs
Craycroft

and *George Craycroft*, the appellants, in joint tenancy in fee, and *John P. Craycroft* died in the life-time of the testator. In law, the devise was not thereby extinguished, it did not lapse, but on the death of the testator, the appellants took the whole interest by survivorship. It is not then within the provision of the act of assembly, not being in law a lapsed devise; and it would be straining overmuch to construe that to be a lapsed devise, which the law holds to be otherwise, for the purpose of bringing it within the act. The legislature only intended to make provision for a case, which before was not provided for by law, by giving life and effect to a devise or bequest which otherwise would be inoperative, and not to give to an operative devise or bequest an effect different from that which the law before gave; and thus to change the legal course of the property, and to give to it a new direction, by changing the character of the estate created by the will; as to turn an estate in joint tenancy into an estate in common; which would be the effect of so construing the act of assembly, as in the event of the death of one of two joint devisees or legatees in the life-time of the testator, to destroy the right of survivorship, and to give to the heirs or representatives of the deceased devisee or legatee, one half of the estate, as is contended for in this case. But that would be to strain the act rather too far, in order to apply it to a case not within the mischief intended to be remedied, not to preserve, and give life and effect to a devise or bequest, that would otherwise be extinguished, but to divest a subsisting and operative devise or bequest of its legal character and effect, which was not the object of the law. It was only intended to prevent the extinguishment of a devise or bequest, by reason of the death of the devisee or legatee in the life-time of the testator, when, in the event of such death, the devise or bequest would, without the aid of the legislature, have lapsed, or failed to take effect, and the deceased have died intestate in relation to the property therein mentioned, and to give to such devise or bequest the legal effect and operation to pass the property, in the same manner as if the devisee or legatee had survived the testator, in order merely to prevent the intestacy of the deceased. Therefore, where the devise or bequest would not have lapsed or failed to take effect by reason of the death of a devisee or legatee in the life-time of the testa-

tor, as in this case, it is not within the mischief intended, or required to be remedied, and the act of assembly does not apply, but such devise or bequest is left to its own operation in law. But suppose that in this case, without the aid of the act of assembly, the devise would have lapsed or failed to take effect, in consequence of the death of *John P. Craycroft* in the life-time of the testator, what would be the effect of the act? Why, not to alter the nature of the estate, and turn it into a tenancy in common, as between the appellants and the heirs at law of *John P. Craycroft*, but to resuscitate the devise, and give to it the effect and operation to pass the estate in the same manner as if he had survived the testator; and if he had survived the testator, but died afterwards, leaving the appellants his survivors, they would have taken the whole by survivorship; therefore, the operation of the act being to pass the estate, as if he had survived the testator, the right of survivorship would not be taken away from the appellants, but the property would pass to them just as if he had died after the death of the testator. In any view, then, that we are able to take of the subject, the entire interest in the estate, devised by *Bladen Craycroft* to *John P. Craycroft* and the appellants, survived to the appellants, to the exclusion of the heirs at law of *John P. Craycroft*.

DECREE REVERSED.

And decreed, that the county court of *Prince-George's* county proceed on the bill of complaint in the proceedings mentioned, and cause partition of the lands, in the bill mentioned, to be made between *C. & G. Craycroft*, the appellants, according to the prayer of their bill.