( Decided June 27th, 1862.)

---

## FARMERS and MECHANICS BANK OF CARROLL COUNTY, *vs.* GEORGE W. ALLEN.

A protest stating an *insufficient* demand, but also stating that "notice of protest" was sent to the endorser, is *not admissible* to prove notice, not being accompanied with any offer to prove by other evidence, that a sufficient demand was made, or that the defendant agreed the demand should be made as stated in the protest.

A demand made, not on the maker, but at a bank, though the note was not payable there, is wholly insufficient to bind the endorser.

APPEAL from the Circuit Court for Carroll County.

Action brought, August 3rd, 1858, by the appellants, as holders, against the appellee, as endorser, of a promissory note, for $300, dated December 8th, 1857, drawn by Jesse Hollingsworth, payable at four months, to the order of the defendant, and by him endorsed. Plea, no promise as alleged.

*Exception:* The plaintiff offered in evidence the note sued on, the handwritings of the drawer and endorser being admitted, and further to maintain the *issue joined*, offered in evidence the protest of the note, which states that presentment and de-

mand of payment were made, "at *The Farmers and Mecha-nics Bank of Carroll County*," and in reference to notice, says: "and on the same day I made out *written notices of protest* for Jesse Hollingsworth and G. W. Allen, North Branch, Baltimore county, Maryland, and put them in the post office at Westminster, Carroll county, Maryland." The defendant objected to the admissibility in evidence of this protest, and the court (Nelson, J.) sustained the objection. To this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before Bartol, Goldsborough and Cochran, J.

*Oliver Miller*, for the appellant.—The offer of the protest was general for the purpose of maintaining *the issue joined*. If admissible for any purpose it was error to reject it. It states that, "*notice of protest*" was sent to the endorser, and of this, however defective it may be in other respects, the protest is *prima facie* evidence—expressly made so by the Act of 1837, ch. 253, sec. 2. 14 *Md. Rep.*, 320, *Ricketts, et al., vs. Pendleton.* Notice was necessary to be proved in order to entitle the plaintiff to recover. It was also essential in this case to prove a personal demand on the maker, or some agreement on the part of the endorser dispensing therewith. The protest is obviously defective in so far as it states a demand; but this does not deprive the plaintiff of the right to offer it for the purpose of proving *notice*. If the plaintiff had *begun* its proof by showing an agreement between the endorser and the bank, that the demand should be made in the manner and at the place stated in the protest, there can be no doubt the protest would have been admissible to prove both demand and notice. But it is well established, that the *order* of proof is entirely in the discretion of the party offering it. A plaintiff must make out his case, but may commence with any part of his evidence, and if any item of proof is admissible to support his right to recover, it is error to reject it. 9 *G. & J.,*

477, *Caion vs. Carter.* In the case of *Plank Road Co., vs. Bruce*, 6 *Md. Rep.*, 457, a suit against a subscriber for stock, the plaintiffs offered in evidence the subscription list, containing the defendant's name, and would not say they would give any other evidence, and it was held that this testimony being legal and competent, the court below had no right to require as a *condition*, upon which it was to be received, that the plaintiffs should disclose in advance what other evidence they intended to offer, that in proving his case the plaintiff is not confined to any particular order in which to offer his evidence, if it be legal and *material* to the issue, it must be received without reference to the order in which it is introduced. This reasoning is peculiarly applicable here. There it was essential to the plaintiffs' recovery, that they should not only prove the defendant's subscription to their capital stock, but also their charter, their authority to contract, their right to sue, their legal corporate existence, and this naturally would have been the *first* thing to be done, but the court held they could *invert* this order and establish a fact material to the issue, without even stating that they intended to follow it up with proof of other facts equally essential to their right to recover. So in the present case, we could prove *notice of protest* to the endorser, before proving *demand* on the maker, both being facts essential to our right to recover. We could prove notice by the notarial certificate, and demand or waiver of demand, or an agreement that it should be made at a particular place, or in a particular manner, by *other* competent and legal evidence. The fact that we did not first prove such demand, is no reason why we should be denied the privilege of proving *notice of protest.*

*Jos. M. Palmer*, for the appellee:—The protest is defective, inasmuch as it does not state a sufficient demand, and notice of such a protest is equally useless and nugatory. If the notary did not make a legal and proper demand before he made the protest, notice to the endorser of an illegal and improper pro-

test, cannot tend to fix his liability. It is said if the protest was admissible for any purpose, it was error to reject it—be it so, but I insist, it was not evidence for any purpose. It is said it states that notice of protest was sent to the endorser. Notice of what protest? Notice only of a defective protest. The sufficiency in law of the demand and notice, as evidenced by the notarial certificate, to charge the defendant, must be determined by the court. 14 *Md. Rep.*, 320, *Ricketts, et al., vs. Pendleton.* It is said that where the notary in his protest states, that notice of the protest was sent to the endorser, and the manner of such notice, it implies a demand and refusal to pay, but this presumption does not arise where the protest itself shows that no sufficient demand and refusal had taken place. 3 *Md. Rep.*, 257, *Nailor vs. Bowie.* See, also, 3 *Kent,* 115, 120; *Story on Prom. Notes, secs.* 226, 251; 1 *Md. Rep.*, 66, *Graham vs. Sangston;* 3 *Md. Rep.*, 202, *Boehme vs. Carr;* 6 *Md. Rep.*, 5, *Maning & Co., vs. Hays;* 1 *Md. Rep.*, 511, *Hunter vs. Van Bomhorst;* 15 *Md. Rep.*, 231, *Weems vs. Farmers Bank;* 3 *Denio,* 145, *Taylor vs. Snyder.* The ruling of the court, refusing to admit the protest in evidence, did not prevent the plaintiff from offering any other legal and competent evidence to prove its case.

BARTOL, J., delivered the opinion of this court

This is a suit to recover from the appellee, as endorser of a promissory note. To fix his liability, demand on the drawer, and non-payment, and notice to the defendant, of those facts, were necessary to be proved.

The plaintiff, to support the action, after offering the note, the handwriting of the drawer and endorser being admitted, proceeded to offer in evidence the protest of the notary, containing, after setting out a demand, and *non-payment,* the statement, that "on the same day he (the notary) made out written notices of protest, for," &c., "and put them in the post office," &c.

On motion of the defendant the court refused to admit the evidence, and the plaintiff's exception to that ruling constitutes the only exception in the case.

The demand of payment made by the notary, as stated in the protest, was wholly insufficient; it was not made on the drawer, but at the bank at Westminster, although it is not pretended the note was payable at that place. It was conceded at the bar, by the appellant's counsel, that the protest was not admissible evidence of a demand on the drawer, and non-payment by him, to bind the defendant, but he argued that it ought to have been received as evidence of notice. But the answer to this view, as presented in the appellee's argument, and a reference to the authorities there cited, (particularly the cases of *Graham vs. Sangston,* and *Nailor vs Bowie,)* is conclusive of the case. The only evidence of a notice to the endorser furnished by the notary's certificate, was notice that an insufficient demand had been made by him. The notice of default, could not bind the defendant, and the evidence was properly excluded. If the plaintiff had accompanied his offer to prove, proposal to follow with other evidence to prove, either that a sufficient demand was made on the defendant, or that it had been agreed, by the parties, that the demand should be made at the bank, the question before us might be decided differently. But no such offer was made, and we cannot speculate on the subject: the admissibility of the evidence is to be determined *per se,* and so considered, it was inadmissible

*Judgment affirmed.*

