JOSEPH P. REYNOLDS and F. A. SAVIN *vs.* ALPHEUS R. APPLEMAN and ASBURY G. APPLEMAN.

*Protest of a Note—Proof admitted to show that the Note was presented for payment on a day prior to that stated in the Notarial certificate—What is a sufficient Notice of Protest.*

Where a notarial certificate of protest showed that a note, which matured December 22nd, 1871, was presented for payment on December 23rd, 1871, testimony is admissible to show that the note was also presented on December 22nd, the date of maturity.

In this case the evidence that the note was so presented, on December 22nd, was held to be legally sufficient to be submitted to the jury.

A notarial notice of protest was in the following words: "Baltimore, December 23rd, 1871. Reynolds & Savin: Please take notice that M. D. Savin, C. F. Abbott's note, dated Baltimore, September 20th, 1871, payable ninety days after date, to the order of Reynolds & Savin, for $340, payable at the Third National Bank, and by you endorsed, is delivered to me by the cashier of the Western National Bank for protest, and the same not being paid, payment thereof having been demanded and refused, is protested, and will be returned to the said cashier, and that you will be held liable for the payment thereof." HELD:

That this notice contained in substance and by just and natural implication, the facts that the note was duly presented for payment at the proper place on the day of its maturity and was dishonored; and was consequently a sufficient notice.

APPEAL from the Court of Common Pleas.

The facts are sufficiently stated in the opinion of the Court. The verdict and judgment were for the plaintiffs, and the defendants appealed.

The cause was argued before Bartol, C. J., Stewart, Miller and Alvey, J.

*A. F. Musselman,* for the appellants.

The legal construction of the notarial notice was that the defendants were notified of the maturity of the note, on Friday, December 22nd, 1871; that the notary received said note for protest; that he made *his* demand, at the Third National Bank, and was refused payment on *Saturday,* December 23rd, 1871, and the said demand and presentment being one day too late, the endorsers are expressly notified, that in law they have been discharged. This notice was given by him in his *official* character as notary. The date, December 23rd, 1871, on the notice implies the exclusion of every other date of said notice— "*Expressio unius est exclusio alterius.*" *Broom's Legal Maxims,* *505. There is no evidence in the cause tending to show any notice to the endorsers of the alleged presentment, and demand made on December 22nd, (*Friday,*) by the bank messenger.

The question of sufficiency of notice to bind endorsers as to the statement therein of the *time when* a note was presented or protested, or dishonored, is one of law purely for decision of the Court. When there is no dispute as to facts, parol evidence is not admissible to contradict or control said notice. If the notice state a demand of payment a day too soon, or a day too late, it is as a matter of law defective, and fails to bind the endorser. *Ransom vs. Mack,* 2 *Hill,* 587, 593; *Ontario Bank vs. Petrie,* 3 *Wend.,* 456; *Routh vs. Robertson,* 11 *Sm. and Mar.,* 382, 389; *Etting vs. Schuylkill Bank,* 2 *Barr,* (*Pa.*) 355, 357; *Townsend vs. Lorain Bank,* 2 *Ohio,* 345, 357; *Wynn vs. Alden,* 4 *Denio,* 163, 164.

One of the prayers in *Graham vs. Sangston,* 1 *Md.,* 59, raised the question of legal sufficiency of the notice to charge the endorser.

If it be true, that demand and dishonor occurred on the right day, the endorser is entitled to *explicit notice* of the truth, and to notice of demand on that day.  See opinion of GIBSON, *Ch. J., in* 2 *Barr*, 356, and also *Wynn vs. Alden*, 4 *Denio*, 163, 164.

And this rule does not infringe the rule, that immaterial mistakes in the description of the note which the endorser may correct from facts in his own knowledge, will not vitiate notice.   The old case of *Mills vs. U. S. Bank*, 11 *Wheat.*, 431, belongs to this class, (decided in 1826.) These cases are well reviewed in *Townsend vs. Lorain*, 2 *Ohio*, 345, 357–8–9, 360, 361 ; 2 *Greenl. Ev.*, sec. 189.

If insufficient notice has been given, the law presumes the endorsers have been injured and they are discharged. *Parson's Merc. Law*, 118 ; *Byles on Bill*, 230 ; *Bridges vs. Berry*, 3 *Taunt.*, 130.

Throwing out the testimony of the bank messenger and bank clerks, it is evident, that the notice of December 23rd, 1871, is *one day too late*, and insufficient, as no extraneous testimony can add to, or subtract from said notice as given to endorsers, the legal effect cannot be changed.

Where a note is payable at a particular place, there must be proof of a demand and refusal at such place at maturity of the note to charge the indorser.    *Wallace vs. McConnell*, 13 *Pet.*, 136 ; *Story on Prom. Notes, Sec.* 230. And when such demand is made at maturity, the note itself must be presented at the place, and on the very day of maturity.    The time can be neither hastened nor delayed a single day.    *Farmers' Bank vs. Duvall*, 7 *G. & J.*, 78 ; 6 *Metc.*, 13.    A defective notice cannot be supplied by proof of a sufficient demand, nor a defective demand by proof of a sufficient notice.    *Per* SHARKEY, C. J., 11 *Smedes and M.*, 382, 389.

*John Gill, Jr.*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This is a suit upon a promissory note against the appellants as endorsers. It was originally instituted by Alpheus V. Appleman alone; afterwards by an amendment his co-partner Asbury G. Appleman, the other appellee, was joined as co-plaintiff. The effect of the amendment was to deprive the defendants of the benefit of their plea of set-off, which they claimed against Alpheus V. Appleman; but could not be availed of against the joint demand of the firm. No question arises under the plea of set-off. The note was drawn by M. D. Savin and C. F. Abbott, dated Sept. 20th, 1871, for $340, payable at the Third National Bank, ninety days after date, to the order of *Reynolds & Savin,* the defendants, and by them endorsed to the plaintiffs for value, before maturity. The signatures of the drawers and endorsers being proved, the first question arose upon the legal sufficiency of the evidence, to prove due demand of payment upon the makers at the maturity of the note, and due notice to the endorsers of its dishonor. The note fell due the 22nd day of December, 1871, that being the last day of grace, and was held by the Western National Bank of Baltimore, for collection.

The plaintiffs offered in evidence the notarial certificate, from which it appeared that the notary had demanded payment on the 23*rd day of December,* at the Third National Bank; that it was not paid, and on that day he protested it, and sent notices to the endorsers, &c. Evidently if that was the only demand made, it was a day too late. To show that payment was demanded on the 22nd the plaintiffs proved by C. E Grimes, Jr., that he is now collection clerk of the Western National Bank; but was runner in December, 1871; that when notes left for collection at that bank were drawn payable at some other banks of the city, it was made the duty of witness, or in discharge of his duty, he had to present said notes at

such different banks, and to demand payment thereof. It was the collection clerk's duty to put in the teller's drawer such notes, and it was the duty of the witness to take them out of the teller's drawer. The note offered in evidence was deposited in the Western Bank for collection, by Harryman, Knipe & Co., who kept an account in the bank. There was no endorsement on the note but *Reynolds & Savin.* Harryman, Knipe & Co. deposited it in bank for the accommodation of Appleman & Co. Witness testified, "I believe that from my custom and duty, I presented the said note for payment at the Third National Bank, on December 22nd, 1871, the date of its maturity, and I have no doubt I took all the notes that went in the teller's drawer, and presented all those notes for payment, to the different banks where payable."

*Mr. Albers*, now discount clerk, testified that he was collection clerk in December, 1871, that the note was due on the 22nd day of December, 1871, and "that it was handed to the runner of the Western Bank; that witness has no doubt of it." This witness further stated that the note was deposited in the Bank for collection "on the 22nd day of December, 1871." That being the day on which the note fell due, the jury might well infer that there would be less probability of its being overlooked by the officers whose duty it was to present it for payment, than if it had been in the bank for some time. *Mr. Clark*, who was then discount and collection clerk in the Third National Bank, testified that the note was presented for payment at that bank. Without being able positively to identify the note, he stated facts justifying the inference that the note in question is the same to which he refers. He further testified that on the day after it had been presented for payment, it came back to the Third National Bank, but irregularly through the Clearing House. In such case the rule of banks made it necessary to return the note to the Western Bank for want of funds. The

probability is that this occurred before the note was placed in the hands of the notary, and as he had it for protest on the 23rd, the inference arises that the demand of payment was made on the day before by the runner of the Western Bank. The question was one for the jury to determine; and in our judgment the evidence was legally sufficient to be submitted to them, as tending to prove that the demand of payment had been made on the 22nd of December. Notice to the endorsers was given on the 23rd; there can be no question that in this respect, due diligence was exercised by the holders, and the notice was in time. But it is contended that the notice itself was not sufficient. It was as follows:

"Reynolds & Savin, Baltimore. Dec. 23, 1871, please take notice that M. D. Savin, C. F. Abbott's note dated Baltimore, Sep. 20th, 1871, payable ninety days after date, to the order of Reynolds & Savin, for three hundred and forty dollars, payable at Third National Bank, and by you endorsed, is delived to me by the cashier of the Western National Bank of Baltimore for protest, and the same not being paid, payment therefor having been demanded and refused, is protested, and will be returned to the said cashier, and that you will be held liable for the payment thereof." (Signed by the Notary.)

It is contended that this notice is insufficient; because it does not state that *the demand was made on the day of the maturity of the note;* and in support of this position we have been referred to *Ransom vs. Mack,* 2 *Hill,* 587; *Routh vs. Robertson,* 11 *Sm. & Mar.,* 382; *Etting vs. Schuylkill Bank,* 2 *Barr,* (*Pa.,*) 355; *Townsend vs. Lorain Bank,* 2 *Ohio,* 345; and *Wynn vs. Alden,* 4 *Denio,* 163.

We have examined these cases and do not find that any of them sustain the proposition for which they have been cited. In 2 *Hill,* the notice given to the endorser was that payment had been demanded the day after the note was due.

In 11 *Sm. & M.* the notice stated that the draft had been protested for non-payment three days before it was due.

In 2 *Barr,* the notice was that the note had been presented, and protested for non-payment on the day before it was due.

In 2 *Ohio,* the bill became due on the 4th of June, the notice was dated the 2nd of June, and stated that the bill was *on that day* protested for non-payment.

In each of these cases, the time of making the demand was stated in the notice, which upon its face showed, that the note had not been presented for payment at its maturity, as the law requires, but at some other time : or in other words, the notice informed the endorser only that an insufficient demand had been made. It was therefore held to be insufficient to bind him. It was decided in *The Bank vs. Allen,* 18 *Md.,* 475, that notice of an insufficient demand will not bind the endorser. There the notice stated that the notary had presented the note for payment at the Bank in Westminster, though it was not payable there, instead of demanding payment of the drawer.

In this case the notice to the endorsers is not liable to any such objection, and the cases cited have no application to the present. The notice does not state expressly that the note was duly presented for payment at the proper place, on the day of its maturity and was dishonored ; but it is well settled that it is sufficient if it contain these facts "in substance or by just and natural implication." *Graham vs. Sangston,* 1 *Md.,* 67. Here the notice states that the note is, (on the 23rd day of December, 1871,) delivered to the notary for protest, "*the same not being paid, payment therefor having been demanded and refused.*" This implies, in the absence of any statement to the contrary, that the demand was duly made at the maturity of the note. The sufficiency of such a notice was expressly decided in *Wetherall & Mickle vs. Claggett,* 28 *Md.,* 465, 476. There

the notice was in the same words as the one before us and was held to be sufficient. It follows from what has been said, that the *first* and *second* prayers of the defendants were properly refused. They asked the Court to determine that there was no evidence legally sufficient to prove notice to the defendants "of any demand and refusal of payment or dishonor of the note, at the Third National Bank, on the 22nd day of December, 1871, or the maturity of said note."

For the same reasons there was no error in refusing the *third* and *fourth* prayers of the defendants. If the note was in fact presented for payment by the runner of the Western Bank on the 22nd day of December: of which there was evidence, it is wholly immaterial whether the *Notary*, also presented it for payment the next day; before protesting the same. Such a proceeding on his part, would have been nugatory and useless; and could in no manner affect the liability of the defendants.

The notice given to the defendants cannot be construed as a notice that payment of the note was demanded on the 23rd of December, as erroneously stated in the *fourth* prayer.

The *fifth, sixth, seventh* and *eighth* prayers of the defendants were designed to present as grounds of defence, that the note was endorsed by them without consideration for the accommodation of *M. D. Savin*, one of the makers, and *Alpheus R. Appleman*, one of the plaintiffs; and also that they had been induced to make such endorsement by the false representations of *Alpheus R. Appleman*, that he would protect them, and pay the note at maturity.

It is unnecessary to examine these prayers particularly; because the instructions given by the Court to the jury, and to which no exception was taken, covered this branch of the case, and afforded to the appellants the benefit of any defence they could claim, upon the hypothesis of their prayers. They have therefore no right to claim a reversal

because of the rejection of their prayers, even if these were free from objection. We find no error in granting the plaintiffs' prayer.

*Judgment affirmed.*