Mr. Justice Hagner
delivered the opinion of the court.
This action was brought to recover damages for injurie® alleged to have been inflicted upon the minor by a viciou» dog belonging to the defendant.
The declaration contains three counts, to each of which the defendant demurred.
The first count was framed in accordance with the theory of the common law applicable to this class of cases, which required,, as essential to a recovery, the averment and proof *515 that the owner of the dog continued to maintain the animal ■with knowledge of his vicious propensities.
The plaintiff insists that the first count contains a sufficient averment of a scienter to gratify this rule of pleading, tested hy the strict common law principles; that those principles have been so modified by the rules of pleading in force in this jurisdiction that the sufficiency of the averment cannot be questioned here; and lastly, that the old common law rule has been practically abrogated everywhere, and should be disregarded at this day.
1. That the rule is in force in this country, wherever it has not been changed by statute, cannot be doubted. As late as 1878 the subject Was considered by the Supreme Court in the case of The Congress Spring Co. vs. Edgar, 99 U. S., 615, where an action was brought against the proprietors of the Congress Spring Park at Saratoga to recover for injuries inflicted upon a lady walking in the park by one of the do-» mesticated deer, permitted by the proprietors to roam there at large. The declaration averred that the buck was vicious and dangerous, and that the defendants well knew its vicious propensities. In the course of a full discussion of the entire Subject, it was said by the court that such an allegation was unnecessary where an injury was inflicted by a wild beast, in its nature vicious; but that where the animal is of a tame nature, domestic in its habits and kept for use or convenience, or, although fen'cz naturae, has been so domesticated as to be classed with tame or domestic animals, the knowledge by the owner of its mischievous propensities constitutes the gist of the action, and must be averred in the declaration and shown by the proof.
It is true this principle has recently been sharply criticised 1(1 Taylor’s Ev., 279), but it has the countenance of the earliest decisions; and these accord with the rule announced by the Hebrew lawgiver in Exodus, that if an o.x gore a'--man or a woman the owner -shall go free, unless ■“the ox (were wont to push with his horn in time past, and it hath been testified to his owner, and he hath not kept him in,” fin which case only the owner should bo held liable.
*516 2. Does' the count contain a sufficient averment of a scienter? Its language is, “for that the defendant heretofore, etc., was the owner and possessor, in the District of Columbia, of a vicious dog, which dog was well known to the defendant but which was unknown to the plaintiff.”
That the sentence is ambiguous in meaning is evident. Indeed it may more properly be understood as averring that the defendant was acquainted with the dog, or that he knew that this particular dog belonged to him, than that he knew that the dog was vicious. Certainly it is susceptible of either construction. It is well settled that whatever is to be alleged in pleadings must be set forth with certainty, and not in doubtful or ambiguous terms; and that when an averment is susceptible of different meanings, that construction shall be adopted which is most unfavorable to the party pleading. Maenner vs.Carroll, 46 Md., 215; Towson vs. Bank, 6 H. & J., 54.
In the latter case a verdict was recovered against an innkeeper for money stolen from a guest at the inn. The declaration stated that the plaintiff's servant was a guest at the inn on the 27th of September, and had then and there in his possession the money which was afterwards stolen; but in averring the theft on the 28th of September, it omitted to state that the servant was a guest at the inn on the latter day. On appeal the judgment was reversed upon the ground that the declaration showed no cause of action. The court said: “For though a guest on the 27th,- non con-stat that he was there on the 28th. For anything appearing in the declaration he might have gone away. (The declaration is therefore radically defective and not qured by the verdict; and the motion in arrest of judgment ought to have prevailed.”'
The language of all the precedents is different from that of this count, for they contain averments incapable of being misunderstood, that the defendant knew that the animal was vicious. 1 Evans' Harris, Entries, 334; 2 Chitty, 217; 99 U. S., 646.
A count almost exactly like that under examination was *517 pronounced insufficient in Kinnion vs. Davies, Croke Charles, 487. There the narr averred, “ for that the defendant, a certain dog, ad mordendum oves consuefoim, scienter retinuit et custodivit; which said dog, one hundred sheep of the plaintiff’s then and there found, tarn graviter mormodit, that twenty of them died,” etc. “It was assigned for error (after judgment hy default) that the declaration was not good; for he doth not show, according to the usual course, quod sciens canem pracdictum, ad mordendum oves consnetum scienter retinuit, for it may be that he knowingly kept the dog, and yet knew not that he was used to worry sheep; which is the main point of the action.”
And the court held the declaration had.
3d. Does our 26th Rule dispense with this technical precision ? Its language is: “ The declaration shall state only the substantial facts necessary to constitute the cause of action, without unnecessary verbiage, and with substantial certainty.”
But one of the most “ substantial facts necessary to constitute the cause of action,” in this case, is the circumstance, forming the very gist of the action, that the defendant continued to keep the dog after he knew of its mischievous propensities; and this fact, according to this Rule, must be stated “ with substantial certainty.” We do not think this rule (designed to simplify the forms of pleading) announces any such novel principle as justifies the omission from the count of the vital averment upon which alone the right of recovery depends.
A similar general injunction appears in one of the sections of the Maryland Code, and was in force when the court decided the case in 46 Maryland, 215, before referred to ; and Stirling vs. Garitee, 18 Maryland, 475. In the latter case, where the omission of one of the constituents of a cause of action from a declaration was defended under the supposed license of that new section, the court said: “It is impossible to disregard the established principles which underlie our system of jurisprudence, and to some extent govern the forms of action. These principles must still be *518 recognized, however the new forms of action be changed or simplified. To disregard them would lead to endless confusion and tend to defeat the purposes of justice.” The defect in the present count is not merely that of a title defectively stated, hut it presents a case where no title or cause of action is set forth, and hence no foundation is laid for a judgment.
For these reasons we think the demurrer to the first count should be sustained.
4th. In the second and third counts the pleader purposely omitted all averment of a scienter, upon the ground that under the Act of 19th June, 1878, ch. 323, sec. 5, the owner of a dog, in the District of Columbia, is liable foi' any damage caused by the animal, without averment or proof of antecedent knowledge of its vicious propensities.
Of course it was entirely competent for Congress to pass a law containing such a provision ; as was done in England hy the 28 and 29 Victoria, chap. 60, with respect to injuries to cattle or sheep, ini these words:
“ The owner of every dog shall be liable in damages for injury done to any cattle or sheep by his dog; and it shall not be necessary for the party seeking such damages-to show a previous mischievous propensity in such dog, or the owner’s knowledge of such previous propensity.”
The question before us is whether sec, 5, of our statute off 1878,. is to be construed as having the same meaning as if it had contained exactly such language as the English law. The particular section is in these words:
“ Any person owning any dog so recorded in the collector’s office shall be liable in a civil action for any damage dono by said dog to the full amount of the injury inflicted.”
The section does not explicitly dispense with the necessity of adhering to what, up to that time, was the undoubted requirement, both as to averment and proof; and the question is to be decided according to-the principles-which apply where the courts are called upon to construe the provisions of a statute in derogation of the principles of the common law. In such a ease, the new law is not to be extended be *519 yond the necessary and unavoidable meaning of its terms, for it will not be presumed that the legislature intended to make any innovation upon the common law further than the language absolutely expresses or necessarily implies.
The previously existing regulations concerning dogs consisted of the ordinances of the corporation of Washington, (Webb’s Digest, 121,) or of sec. 189, of the Revised Statutes of the District of Columbia, and of the acts of the legislative assemby of 19th January, 1872, oh. 36. A careful examination and comparison has satisfied us that Congress designed by the act of 19th June, 1878, to codify and reconcile these contradictory provisions and create a uniform system for the entire District, including the county, and not to introduce any new principles of law, especially one of so radical a character as would result from the construction endeavored to be placed upon section 5 by the plaintiff’s argument.
The different sections of this act change the rate for licenses, require that the dog-tag shall be differently marked, prescribe a different disposition to be made of dogs going at large without a tag attached, and in many similar methods provide for simpler and uniform regulations throughout the cities and suburban portions of the District, but the act announces no new principle of law on the subject. The provision that dogs shall be considered; in such wise, personal property, that the owner may have an action against those injuring them, had already been recognized as the law by our courts. ' Meig’s Case, 1 Mac A., 53. Hence, section 4 of the act which declares that a person injuring or destroying a dog wearing a tag shall be liable in a civil action for damages to the owner of the animal, is only declaratory of the exisiting law, and must be construed according to common law principles.
If it were to be construed literally, a person attacked by a fierce dog who should injure or kill it in self defence, would always be compelled to pay its full value irrespective of the circumstances of the case. But we cannot suppose that this general language was designed to deprive a party in such a suit, of the defence that he slew the beast to save *520 his child’s live, or to protect his own person from an unprovoked attack, or to save his flock from sheep-killing dogs. Statutes like this are tobe construed reasonably and in conformity with common law principles, which are to be upheld except so far as they are plainly intended to be changed; To give a literal construction to the words would frequently be to substitute the letter for the spirit of the statute. So, the provision in section 5, that the owner should be liable in damages for injuries caused by his dog, was already well recognized as the law. But we see nothing in the language of that section that can induce us to declare that the absolute right of recovery for such injuries was designed to be secured under all circumstances, as if a quiet dog should be causelessly and brutally beaten, and, yielding to the instinct of self-protection, should snap at its tormentor, or in flying from punishment should come in contact with some brittle property belonging to the attacking party and injure it, or if the injured party was a burglar who had been bitten at midnight by a faithful watch-dog. And yet according to the letter of the section, the owner of the dog would-be held answerable in every such case in damages to the injured party. Neither of the defences indicated is more certainly secured to the defendant by the common law than the principle that the owner of a dog should not be held answerable unless it is averred and made to appear that he was aware of the vicious propensities of the animal, and nevertheless neglected to keep it where it could do no harm to inoffensive persons ; and it requires the use of more explicit language than that used in section 5, to deprive a defendant of either of these defences or to prevent him from showing that the plaintiff was himself guilty of such contributory negligence as might disentitle him to recover. Naturally such injuries almost always arise out of the presence of the owner of the dog, and he would-generally be helpless enough against the testimony of the plaintiff, without burdening him also with a practical repeal of the general principles of the common law applicable to such subjects by demanding a recovery upon the *521 bare proof of the injury, and refusing to hear any defence. We consider that section 5 is to be taken as declaratory of the then existing common law; and that in the absence of such language as appears in the English Statute, it is still necessary to aver and prove, within this jurisdiction, before a recovery can be had in a case like that at bar, that the owner had antecedent knowledge that his dog was dangerous; or, as frequently expressed in the cases, was “ of mischievous propensities.”
The demurrers to the 2d and 3d counts are sustained, and the case remanded to the circuit court that leave may he given to the plaintiff to amend his declaration.